ALEXANDER EVANS, III, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Evans v. Commissioner
Docket No. 14187-88.
United States Tax Court
T.C. Memo 1989-569; 1989 Tax Ct. Memo LEXIS 568; 58 T.C.M. (CCH) 453; T.C.M. (RIA) 89569; October 23, 1989. L. T. Bradt, for the petitioner. Kenneth W. McWade, for the respondent. GOFFE; POWELL
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: This *569 case was assigned to Special Trial Judge Carleton D. Powell pursuant to the provisions of section 7443A of the Internal Revenue Code of 1986. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE POWELL, Special Trial Judge: This case is before us on the parties' cross-motions to dismiss for lack of jurisdiction. The question presented by these motions is whether respondent mailed the notice of deficiency to petitioner's last known address as required by section 6212. At the time that the petition was filed petitioner resided in Scotch Plains, New Jersey. FINDINGS OF FACT The facts are essentially undisputed and may be summarized as follows: Alexander Evans, III (petitioner) is an airline pilot. Petitioner was employed by Continental Airlines until the fall of 1983, at which time a strike at Continental caused petitioner to stop flying for Continental Airlines. Petitioner was unemployed between the Fall of 1983 and the Spring of *570 1984, at which time he began working for Peoples Express, flying out of their New Jersey base. Prior to March, 1983, petitioner resided at 136 Kailua Loop, Kailua, Hawaii 96734, which was his address during a portion of the time his Federal income tax returns for 1979 and 1981 were being examined by a Revenue Agent Leong. Sometime in March, 1983, petitioner moved his residence to 1812 Country Village, Humble, Texas 77338. Prior to filing his Federal income tax return for 1984 in May, 1985, petitioner moved again to 20015 Dawn Mist Drive, Humble, Texas 77346, which is the address he used in filing his taxable year 1984 Federal income tax return. The residence at 20015 Dawn Mist Drive was owned by friends of petitioner, Mr. and Mrs. John Keeney. At the time Mr. Evans began working for Peoples Express, he intended to commute between New Jersey and Houston, Texas. His living accommodations in New Jersey consisted of a "crash pad" that he shared with a number of other pilots. In New Jersey, petitioner rented a post office box near the airport for efficiency and convenience. Petitioner's work schedule did not allow him to return to Humble, Texas as often as he had originally expected. *571 He, however, was able to, and did, return frequently to Humble, Texas when his work schedule would permit. On October 15, 1984, four months after petitioner began working for Peoples Express in New Jersey, he executed and sent to the Internal Revenue Service a Form 872(C), extending the period of limitations for the 1979 taxable year, on which he changed the typed address of 1812 Country Village, Humble, Texas 77338 to 20015 Dawn Mist Drive, Humble, Texas 77346. In May, 1985, approximately one year after petitioner began working for Peoples Express in New Jersey, petitioner filed his Federal income tax return for the taxable year 1984, which return showed petitioner's address as 20015 Dawn Mist Drive, Humble, Texas 77346. Petitioner testified that he filed a change of address form with the post office in Humble, Texas. Petitioner also testified that the Keeneys received his mail in 1984 and 1985 and that they then forwarded the mail to him in New Jersey. In May and July of 1985, petitioner executed other consents to extend the time to assess tax for the 1979 taxable year and listed Dawn Mist Drive as his address. During the summer of 1985, however, petitioner and Revenue *572 Agent Leong corresponded using petitioner's post office box in New Jersey as petitioner's address. When petitioner filed his 1985 tax return in 1986 he again listed the Dawn Mist Drive address as his address on that return. On October 3, 1985, respondent mailed a notice of deficiency for the taxable years 1979 and 1981 to petitioner at the Dawn Mist Drive address by certified mail. The notice was returned to respondent on October 25, 1985, and the envelope contains the notations "Return to Sender" and "Unclaimed." It also shows that notices of certified mail were given on October 7 and 12, 1985. Petitioner never received the notice. He alleges, however, that he received a copy of the notice on April 6, 1988. The petition in this case was mailed on June 14, 1988, and filed on June 17, 1988. Respondent moved to dismiss for lack of jurisdiction on the ground that the petition was untimely. Petitioner filed a cross-motion to dismiss for lack of jurisdiction on the ground that the notice was invalid. OPINION Section 6212(a) authorizes respondent to send a notice of deficiency by certified or registered mail. The address to which the notice is sent is sufficient "if mailed to *573 the taxpayer at his last known address." Sec. 6212(b)(1). Under section 6213(a) a taxpayer may file a petition with this Court within "90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency * * * is mailed * * *." These requirements are jurisdictional. Monge v. Commissioner,93 T.C. 22 (1989). The parties in this case agree that there is no dispute that the petition was untimely and the case must be dismissed. The dispute is whether the notice of deficiency was valid. In petitioner's view, respondent failed to send the notice to petitioner's last known address as required by section 6212(b). See Monge v. Commissioner,supra at 27-28. In Monge,supra, we stated: Generally, a taxpayer's "last known address" is the address to which, in light of all surrounding facts and circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. E.g., United States v. Ahrens,530 F.2d 781, 785 (8th Cir. 1976); Looper v. Commissioner,73 T.C. 690, 696 (1980). Until recently, it has been our position *574 that respondent is entitled to treat the address of the taxpayer appearing on the return under examination as the taxpayer's last known address, absent "clear and concise notification" of an address change. See, e.g., Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367, 374 (1974), affd. 538 F.2d 334 (9th Cir. 1976). In Abeles v. Commissioner,91 T.C. 1019 (1988), we held that a taxpayer's last known address is the address shown on his most recent return, absent clear and concise notice of a change of address. Thus, the address shown on the last filed income tax return generally will be deemed to be the "last known address" for section 6212(b) purposes. [2]
Here there is no dispute that petitioner's last filed tax return, prior to the mailing of the notice on October 3, 1985, was the 1984 return filed in May, 1985. That return reflected the Dawn Mist Drive address to which the notice *575 was sent. Accordingly, under the general rule, respondent's use of that address satisfies the "last known address" requirements of section 6212(b). Petitioner contends, however, that the general rule should not apply. First he contends that the use of the New Jersey address in correspondence to and from Revenue Agent Leong establishes that he had given "clear and concise" notice of a different address. This is essentially a factual question and petitioner bears the burden of proving that such notice was given. Monge v. Commissioner,supra at 31. With the exception of the two letters between petitioner and the revenue agent, petitioner has not shown the circumstances for the use of the New Jersey address at that particular time. We can only speculate, therefore, whether it was intended that the New Jersey address was to be used for an indefinite period or to be used for a short period of time to expedite the matters at hand. The only evidence relevant to this question is that petitioner filed subsequent tax returns using the Dawn Mist Drive address, and this indicates that the New Jersey address was viewed as being a temporary expedient. We conclude, therefore, *576 that the notification that gave rise to this correspondence does not constitute a clear and concise notice of a change of address. See King v. Commissioner,857 F.2d 676 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); United States v. Zolla,724 F.2d 808, 810-811 (9th Cir. 1984), cert. denied 469 U.S. 830 (1984). Petitioner further argues that respondent should have taken further action after the notice was returned. As an initial matter, petitioner does not suggest what further action should have been taken. But, more important, as we have recently noted: Nothing in the Code requires respondent to take additional steps to effectuate delivery. * * * The Code does not * * * require remailing. * * * The statute looks to the point in time when respondent mailed the deficiency notice * * *. Monge v. Commissioner,supra at 33 (citations omitted). Finally, petitioner contends that, since the Postal Service did not comply with its duty to forward the mail to the New Jersey address, "Petitioner cannot be held responsible * * *." Petitioner cites Estate of McKaig v. Commissioner,51 T.C. 331 (1968); *577 Kennedy v. United States,403 F. Supp. 619 (W.D. Mich. 1975), affd. without published opinion 556 F.2d 581 (6th Cir. 1977); Tangren v. Mihlbachler,522 F. Supp. 701 (D. Colo. 1981). It may be questioned whether the references to the fault of the Postal Service were the ratio decidendi of those cases and, if so, whether those holdings have withstood the test of time. See Monge v. Commissioner,supra. But we need not answer those questions here. While we are willing to assume that some type of a change of address was filed with the Postal Service, we are not informed as to whether the change was temporary or indefinite, whether it included certified mail, or whether it included the time period in question. This is disturbing because we know that petitioner continued to use the Dawn Mist Drive address on subsequent tax returns. Furthermore, petitioner testified that the Keeneys forwarded his mail to him. Finally, we are concerned that the notice was returned "Unclaimed" indicating that there were three attempted deliveries with no response from either the Keeney's or petitioner. In short, from this record we are *578 unable to find that the Postal Service bears any fault in the failure of petitioner to receive the notice. An appropriate order will be entered.
Footnotes
1. Subsequent statutory references are to the Internal Revenue Code of 1954, as amended, and as in effect for the year in issue.↩
2. For an interesting analysis of judicial views on last known address problems, see M. Brissette and G. Rothennberg, The "Last Known Address" Provisions of the Internal Revenue Code: A Modest Proposal for Reform, 6 Va. Tax. L. Rev. 329 (1986).↩