HAROLD L. CARTER, DECEASED, AND CAROLYN R. CARTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Carter v. Commissioner
Docket No. 32161-88
United States Tax Court
T.C. Memo 1989-639; 1989 Tax Ct. Memo LEXIS 639; 58 T.C.M. (CCH) 818; T.C.M. (RIA) 89639; November 30, 1989
Leonard Thomas Bradt, for petitioners. Carole L. Meisler and Richard Goldman, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: This case was assigned to Special Trial *640 Judge D. Irvin Couvillion pursuant to the provisions of section 7443A(b) of the Internal Revenue Code of 1986 and Rule 180 et seq. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE COUVILLION, Special Trial Judge: This case is before the Court on cross motions to dismiss for lack of jurisdiction. Respondent's motion is based on the contention that the petition was not filed timely. Petitioners' motion is based on the contention that the notice of deficiency was not mailed to their last known address. FINDINGS OF FACT At the time the petition was filed, the legal residence of petitioners was Miami, Florida. Respondent determined a deficiency of $ 8,954 in petitioners' 1983 Federal income tax and additions to tax of $ 447.70 under section 6653(a)(1), 50 percent of the interest due on that portion of the deficiency attributable to *641 negligence or intentional disregard of rules or regulations under section 6653(a)(2), and $ 2,238.50 under section 6661. Respondent issued the notice of deficiency, by certified mail, on February 27, 1987. It was addressed to petitioners at "3430 N W 19th St., Miami, FL 33125." The petition was filed with this Court on December 15, 1988, 658 days after the notice of deficiency was mailed. At the time the petition was filed, Harold L. Carter was deceased, and the petition was filed by Carolyn R. Carter (petitioner). Respondent offered United States Postal Service (USPS) Form 3877, Application for Registration or Certification, as evidence of proper mailing of the notice of deficiency. The address to which the notice of deficiency was sent was the same address which appeared on petitioners' 1985 Federal income tax return as well as on their 1983 return. Petitioners' 1985 return was the last return filed by them prior to issuance of the notice of deficiency. In September 1986, five months prior to mailing of the notice of deficiency, petitioner moved from 3430 N.W. 19th Street to 1450 N.W. 36th Avenue in Miami. Approximately three months later, in December 1986, petitioner moved *642 to 3564 Crystal Court in Miami, also prior to mailing of the notice of deficiency. Each time petitioner moved, she submitted to the USPS a change of address card ordering all mail addressed to her at her previous addresses to be forwarded to her new address. Petitioner testified she did not experience any difficulty with these orders being complied with, except with regard to the notice of deficiency. Petitioner did not notify respondent of any change of address from 3430 N.W. 19th Street. The notice of deficiency was returned to respondent undelivered on March 16, 1987, 17 days after it had been mailed, with the following handwritten notation on the envelope: "FWD TO 3564 CRYSTAL CT 33133." Both petitioner and respondent deny that either they or any agent acting on their behalf inscribed the forwarding notation on the envelope. Neither party established who inscribed this forwarding notation. After receiving the undelivered notice, respondent made no attempt to mail any other notice to petitioner and did not forward the undelivered notice to the forwarding address indicated. The returned envelope bears no USPS notations with regard to attempted deliveries. Petitioner, for the *643 first time, received a copy of the notice of deficiency upon request in 1988 and filed the petition within 90 days of her receipt of the notice. Respondent alleges that the period in which a petition could have been filed with this Court expired on May 28, 1987, 90 days after February 27, 1987, and, accordingly, moved to dismiss for lack of jurisdiction. Petitioner filed an objection to respondent's motion and filed a cross motion to dismiss for lack of jurisdiction. Petitioner alleges (1) respondent failed to mail the notice of deficiency to petitioner's last known address, (2) respondent failed to use due diligence in ascertaining petitioner's correct address in light of the forwarding address written on the returned envelope, and (3) diversion of the notice by the USPS resulted in an invalid notice. OPINION A valid notice of deficiency and a timely-filed petition are prerequisites to commencing an action for the redetermination of a deficiency in this Court. Sections 6212 and 6213; e.g., Pyo v. Commissioner, 83 T.C. 626, 632 (1984). When the notice of deficiency is addressed to a person within the United States, a petition is timely only if filed within *644 90 days after the notice of deficiency is mailed. Section 6213(a). The petition here was filed December 15, 1988, 658 days after the notice of deficiency was mailed. If the notice of deficiency was properly issued, respondent's motion must be granted because the petition was clearly filed late. Respondent is authorized to send a notice of deficiency to a taxpayer if it is determined that there is a deficiency in tax. Section 6212(a). If the notice is "mailed" to the taxpayer's "last known address" by certified or registered mail, respondent has complied with the mailing requirement of section 6212(a) and the 90-day period during which a petition may be filed begins to run. Section 6212(a) and (b). On February 27, 1987, the date the notice of deficiency was mailed, petitioner's actual address was 3564 Crystal Court. The notice of deficiency was addressed to 3430 N.W. 19th Street, petitioner's correct former address. It is respondent's knowledge of petitioner's address, however, rather than what may in fact be petitioner's current address which is the relevant inquiry. Brown v. Commissioner, 78 T.C. 215, 218-219 (1982); Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974). *645 "A taxpayer's last known address is that address which appears on the taxpayer's most recently filed return, unless respondent has been given clear and concise notification of a different address." Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988). Petitioner's most recently filed return was her 1985 Federal income tax return. The address which appeared on that return was 3430 N.W. 19th Street, the address to which the notice was mailed. Petitioner concedes she did not notify respondent of any change in her address. Further, there is no evidence to suggest that, at the time the notice was mailed, petitioner's last address known to respondent was other than 3430 N.W. 19th Street. Petitioner argues that respondent failed to use due diligence to ascertain petitioner's last known address in light of the undelivered notice returned to respondent with a forwarding address indicated. Once respondent becomes aware of a change in address, reasonable care and diligence must be exercised in ascertaining and mailing the notice of deficiency to the correct address. Frieling v. Commissioner, 81 T.C. 42, 49 (1983). However, such an obligation arises only if *646 respondent becomes aware of an address change prior to mailing the notice of deficiency; events subsequent to the mailing have no effect on respondent's knowledge at the time of mailing. Monge v. Commissioner, 93 T.C. 22, 33 (1989). Petitioner's reliance on McPartlin v. Commissioner, 653 F.2d 1185 (7th Cir. 1981), revg. and remanding an order of this Court, is misplaced. In McPartlin, the communications between the taxpayer and respondent in which respondent was advised of the taxpayer's new address occurred two to three years prior to mailing the notice of deficiency. The case of Mulder v. Commissioner, 855 F.2d 208 (5th Cir. 1988), revg. and remanding T.C. Memo. 1987-363, also relied on by petitioner, is similarly distinguished. Both McPartlin and Mulder support the proposition that due diligence must be exercised in ascertaining the correct address where there is evidence of a new address prior to mailing the notice of deficiency. The focus is on what respondent knew at the time the notice of deficiency was issued and whether, in light of all the surrounding facts and circumstances, the address *647 used was that which respondent reasonably believed was the address where the taxpayer wanted the notice to be sent. Pyo v. Commissioner, supra at 633; Brown v. Commissioner, supra at 218-219. Relying on Estate of McKaig v. Commissioner, 51 T.C. 331 (1968), petitioner contends that the USPS improperly diverted the notice of deficiency and, because of such diversion, the notice was invalid. This Court has expressed reservations as to whether the holding for Estate of McKaig has withstood the test of time. Evans v. Commissioner, T.C. Memo. 1989-569. Nevertheless, petitioner has not shown that the notice of deficiency was diverted by the USPS in this case. The envelope in which the notice of deficiency was mailed was stipulated into evidence by the parties. An inspection of the envelope shows clearly that, on the right side of the address window, a yellow sticker had been affixed to the envelope, and a major portion of this sticker had been removed, except for a small piece of the lower right-hand corner. No evidence was adduced by petitioner with respect to the sticker or its removal. If the USPS diverted *648 the notice, as petitioner contends, the Court would have been interested in considering evidence as to how the notice was handled, whether a forwarding sticker had been affixed to the envelope containing the notice, who removed the sticker and why, and, if the removed sticker was a forwarding sticker, whether the forwarding address thereon was correct. The mere fact that the notice was returned to respondent undelivered, in and of itself, does not establish diversion. Without any evidence, this Court is unable to find that the USPS improperly diverted the notice of deficiency. The evidence presented to the Court, as noted, points to compliance by the USPS with petitioner's forwarding instructions. The Court finds, therefore, that the notice of deficiency was mailed to petitioner's last known address. The petition was not timely filed and, accordingly, respondent's motion to dismiss for lack of jurisdiction is granted. Petitioner's motion is denied. An appropriate order will be entered. Footnotes
1. Unless otherwise indicated, all further section references are to the Internal Revenue Code of 1954, as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩