JOHN VANCE AIBEJERIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Aibejeris v. Commissioner
Docket No. 17655-94
United States Tax Court
T.C. Memo 1995-31; 1995 Tax Ct. Memo LEXIS 30; 69 T.C.M. (CCH) 1733; January 24, 1995, Filed *30 An order granting respondent's motion and dismissing this case for lack of jurisdiction will be entered. John Vance Aibejeris, pro se. For respondent: Michael E. Hara and William R. McCants. FAY; ARMEN
FAY
MEMORANDUM OPINION FAY, Judge: This case was assigned to Special Trial Judge Robert N. Armen, Jr., pursuant to the provisions of section 7443A(b) (4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE ARMEN, Special Trial Judge: This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. The issue for decision is whether John Vance Aibejeris filed his petition for redetermination within the 90-day period prescribed by section 6213(a). Background
On June 9, 1994, respondent issued *31 duplicate original notices of deficiency to petitioner. In the notices, respondent determined the following deficiencies in income taxes, additions to tax, and penalty for the taxable years 1989, 1990, and 1991: Additions to Tax and Penalty
Year
Deficiency
Sec. 6651(f)
Sec. 6654
Sec. 6663
1989
$ 5,037
-- -- $ 3,778
1990
6,092
-- -- 4,569
1991
83,046
$ 62,285
$ 4,777
-- The duplicate original notices of deficiency were sent by certified mail to two separate addresses: (1) P.O. Box 1355, Perry, Florida 32347 (the Perry address); and (2) Inmate No. 09573-017, Mobile A, FPC--Maxwell Air Force Base, Montgomery, Alabama 36112 (the Montgomery Prison Camp address). The Perry address is the address appearing on petitioner's Federal income tax return for 1990, the last income tax return filed by petitioner before the duplicate original notices of deficiency were mailed to him. Petitioner was incarcerated at the Federal prison camp in Montgomery, Alabama, on June 9, 1994, and remained there for at least another 1-1/2 months before being transferred to the Federal prison camp in Pensacola, Florida. Neither duplicate original notice of deficiency was *32 returned to respondent. According to petitioner, the notice of deficiency mailed to the Perry address was first forwarded to his attorney ("whom I had just dismissed as overseer of my affairs") in Tallahassee, Florida; the notice was then forwarded ("not too timely") by the attorney to petitioner's niece in Mt. Sinai, New York; finally, the niece forwarded the notice to the Federal prison camp in Pensacola, Florida, where petitioner received it on September 6, 1994. On September 26, 1994, petitioner filed a petition for redetermination with this Court. The petition was received by the Court in an envelope bearing a U.S. Postal Service postmark date of September 22, 1994. At the time the petition was filed, petitioner was incarcerated at the Federal prison camp in Pensacola, Florida. Respondent filed a Motion to Dismiss for Lack of Jurisdiction, alleging that petitioner failed to file a timely petition for redetermination. Petitioner filed an Objection to respondent's motion asserting that he did not receive any notice of deficiency until September 6, 1994. A hearing was conducted in this case in Washington, D.C., on November 30, 1994, Counsel for respondent appeared at the *33 hearing and presented argument on the pending motion. Although petitioner did not appear at the hearing, he did file a statement with the Court pursuant to Rule 50(c). Discussion
This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition for redetermination. Rule 13(a) and (c); ; . Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer at the taxpayer's "last known address". Sec. 6212(b); . If a notice of deficiency is mailed to the taxpayer at the taxpayer's last known address, actual receipt of the notice of deficiency by the taxpayer is immaterial. , affg. ; *34 ; . The taxpayer, in turn, has 90 days (or 150 days if the notice of deficiency is mailed to the taxpayer outside the United States) from the date the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a). The phrase "last known address" is not defined in the Internal Revenue Code or the regulations. We have held that a taxpayer's last known address is the address shown on his most recently filed return, absent clear and concise notice of a change of address. . The burden of proving that the notice of deficiency was not sent to the taxpayer's last known address is on the taxpayer. . There is no dispute in this case that respondent mailed duplicate original notices of deficiency to petitioner on June 9, 1994. The record also shows that an original notice of deficiency was mailed to petitioner at his last known address. *35 Specifically, we observe that the Perry address was the address appearing on petitioner's last filed income tax return. Further, respondent mailed a copy of the notice of deficiency to the Federal prison camp in Montgomery, Alabama, where petitioner was incarcerated at the time. We need not decide which of these two addresses was petitioner's "last known address" because there is no suggestion whatsoever in the record that petitioner's "last known address" was other than either the Perry address or the Montgomery Prison Camp address. [2]
Consistent with the foregoing, the 90-day period prescribed by section 6213(a) for filing a timely petition with this Court expired on Wednesday, September 7, 1994. Given that the petition was mailed to the Court on September 22, 1994, after the expiration of the 90-day period for filing a timely petition, it necessarily follows *36 that we must grant respondent's motion to dismiss for lack of jurisdiction on the ground that petitioner failed to file a timely petition under section 6213(a). [3]
To give effect to the foregoing, An order granting respondent's motion and dismissing this case for lack of jurisdiction will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner has not alleged, much less established, that the notice of deficiency was mishandled or misdirected within the mail system at the prison camp.↩
3. Although petitioner cannot pursue his case in this Court, he is not without a remedy. In short, petitioner may pay the tax, file a claim for refund with the Internal Revenue Service, and if the claim is denied, sue for a refund in the appropriate Federal District Court or the United States Court of Federal Claims. See .↩