T.C. Memo. 1998-24


UNITED STATES TAX COURT


NEAL A. SANDERS, d.b.a. LAW OFFICES OF NEAL A. SANDERS,
Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 128-97.                    Filed January 21, 1998.


Neal Alan Sanders, pro se.

Peter J. Gavagan, for respondent.


MEMORANDUM OPINION


JACOBS, Judge:  This matter is before the Court on the parties' cross-motions to dismiss for lack of jurisdiction. Respondent moves to dismiss this case as to income tax deficiencies for 1992 and 1993 for lack of jurisdiction on the grounds that the amended petition (in which the allegations concerning those income tax deficiencies were first raised) was filed more than 90 days

after the notice of deficiency was issued, and to strike all references thereto from the amended petition. Petitioner requests the Court to dismiss respondent's claim for 1992 income tax deficiencies and for section 4975 excise tax deficiencies for years before 1993 on the grounds that petitioner did not receive notices of deficiency with respect to the determined deficiencies for these taxes until after the limitations period.[1] In this respect, petitioner avers that the two notices of deficiency (one relating to excise tax deficiencies pursuant to section 4975 for 1992-95 and the other relating to income tax deficiencies for 1992 and 1993) were not mailed to him at his correct address. To resolve these competing procedural disputes, we must determine whether respondent mailed the notices of deficiency to petitioner at petitioner's last known address.

All section references are to the Internal Revenue Code as in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Background

Respondent issued three notices of deficiency, each dated October 11, 1996. The first notice determined Federal excise tax deficiencies pursuant to section 4971 and additions to tax pursuant

---

[1] In response to petitioner's motion, respondent filed a supplement to respondent's original motion requesting the Court to extend the scope of respondent's motion to dismiss to include the sec. 4975 excise taxes for years 1992-95.

to section 6651 for 1991-95 with respect to asserted accumulated funding deficiencies for the law offices of Neal A. Sanders' money purchase pension and profit sharing plans (the first deficiency notice), as follows:

| Year | Sec. 4971(a) Deficiency | Sec. 4971(b) Deficiency | Addition to Tax Sec. 6651(a) |
|------|------|------|------|
| 1991 | $772 | --- | $193 |
| 1992 | 1,310 | $12,604 | 327 |
| 1993 | 3,250 | 31,999 | 812 |
| 1994 | 3,042 | 53,624 | --- |
| 1995 | 5,362 | 53,624 | 804 |

The second notice determined Federal excise tax deficiencies pursuant to section 4975 and additions to tax pursuant to section 6651 for 1992-95 (the second deficiency notice) with respect to an asserted prohibited transaction (the borrowing of money) engaged in by the law offices of Neal A. Sanders with both its money purchase pension and profit sharing plans, as follows:

| Year | Sec. 4975(a) Deficiency | Sec. 4975(b) Deficiency | Addition to Tax Sec. 6651(a)(1) |
|------|------|------|------|
| 1992 | $87 | --- | $22 |
| 1993 | 294 | --- | 74 |
| 1994 | 518 | --- | 130 |
| 1995 | 775 | $17,087 | 116 |

The third notice determined Federal income tax deficiencies and accuracy-related penalties pursuant to section 6662 for 1992 and 1993 (the third deficiency notice) with regard to Neal Alan and Linda Sanders, husband and wife, as follows:

| Year | Deficiency | Accuracy-Related Penalty Sec. 6662(a) |
|------|------|------|
| 1992 | $22,927 | $4,585 |
| 1993 | 18,478 | 3,696 |

The first deficiency notice was addressed to the law offices of Neal Sanders at "106 S. Main St., Ste. 808, Butler, PA 16001". The second deficiency notice was addressed to Neal Sanders at "118 Hickory Hills, Slippery Rock, PA 16057" (the Hickory Hills address), and the third deficiency notice was addressed to Neal Alan and Linda Sanders at the Hickory Hills address.

On January 2, 1997, Neal A. Sanders, d.b.a. Law Offices of Neal A. Sanders (petitioner), filed a petition in this Court[2] in which he contested respondent's determinations relating to "excise taxes and penalties in an accumulated amount in excess of $10,000 * * * for the years 1991, 1992, 1993, 1994 and 1995." Attached to the petition were copies of the first deficiency notice only.

The 90-day period for filing a petition with respect to each of the three notices of deficiency expired on January 9, 1997, which was not a Saturday, Sunday, or legal holiday in the District of Columbia.

On June 5, 1997, petitioner filed an amended petition in which he disputed the income tax deficiencies determined against Neal

---

[2] The petition was captioned "Neal A. Sanders, d.b.a. Law Offices of Neal A. Sanders, Law Offices of Neal A. Sanders Pension Plan, and Law Offices of Neal A. Sanders Profit Sharing Plan, by Plan Administrator, Neal A. Sanders." On Feb. 27, 1997, respondent filed a Motion to Dismiss for Lack of Jurisdiction as to Law Offices of Neal A. Sanders Pension Plan and Law Offices of Neal A. Sanders Profit Sharing Plan and to Change Caption. On July 7, 1997, we granted respondent's motion and ordered the caption of this case changed to read "Neal A. Sanders, d.b.a. Law Offices of Neal A. Sanders, Petitioner v. Commissioner of Internal Revenue, Respondent."

Alan and Linda Sanders, as set forth in the third deficiency notice, as well as the deficiencies set forth in the first and second deficiency notices. The amended petition states in pertinent part:

> The deficiencies (or liabilities) as determined by the Commissioners [sic] are in excise taxes and penalties in an accumulated amount in excess of $10,000.00 and are all in dispute by the Petitioners as set forth herein for years 1991, 1992, 1993, 1994, and 1995. This includes Form 1040, 1992, Form 1040, 1993 and Sections 4975 and 4971.

On July 31, 1997, respondent filed a motion to dismiss for lack of jurisdiction with respect to that part of the amended petition relating to Neal Alan and Linda Sanders' 1992 and 1993 income tax deficiencies. Respondent asserts that because the January 2, 1997, petition contained no reference to respondent's income tax determinations, petitioner is attempting, through the filing of the amended petition, to seek a judicial redetermination of a matter that could not come within the Court's jurisdiction because of the expiration of time for filing a petition. See Rule 41(a). Accordingly, respondent contends that the amended petition should be dismissed for lack of jurisdiction insofar as it attempts to confer jurisdiction on the Court over Neal Alan and Linda Sanders' 1992 and 1993 income taxes.

On August 22, 1997, petitioner filed an objection to respondent's motion to dismiss; on October 2, 1997, petitioner

filed amended objections. In these documents, petitioner contends that his petition was timely filed:

> as to all Notices of Deficiency allegedly issued by IRS [Internal Revenue Service] in October, 1996 including F1040 1992, 1993 and Section 4975 because of the language Petitioner uses in said Petition and because the Respondent had sufficient Notice that Petitioner was contesting all Notices of Deficiency whether or not said Notices were attached to the Petition.

In addition, petitioner asserts that respondent's motion to dismiss should be denied on the ground that the second and third deficiency notices were not sent to petitioner's last known address. In this regard, petitioner maintains that he was informed of the second and third deficiency notices only when he received (on August 1, 1997) respondent's motion to dismiss.

On September 22, 1997, the Court held a hearing on respondent's motion to dismiss.

On October 20, 1997, petitioner filed a "Motion to Dismiss-- (F1040 1992 Income Taxes) (Section 4975 Excise Taxes Pre 1993)". In this motion, petitioner contends that the mailing address used by respondent to contact him should not have been the Hickory Hills address with respect to the second and third deficiency notices. Consequently, petitioner continues, the second and third deficiency notices were improperly mailed and the period of limitations for making a deficiency assessment expired with respect to his and his wife's 1992 income tax liability as well as his liability for

section 4975 excise taxes for years before 1993. In arguing that respondent used an erroneous mailing address, petitioner claims that: (1) His rural box number, R.D. #1, Box 108-2 (R.D. #1), was replaced with a house number and street address (the Hickory Hills address) in order to accommodate implementation of an E-911 Emergency Notification System; (2) this mailing address modification did not officially occur until after December 31, 1996; and (3) the first time petitioner used the Hickory Hills address was on his 1996 return, which the IRS did not receive until August 15, 1997.

On January 5, 1998, respondent filed an objection to petitioner's motion to dismiss. In this objection, respondent maintains that petitioner used the Hickory Hills address as his address in dealings with respondent's representatives before the issuance of the notices at issue herein. In this regard, respondent states that on August 15, 1995, petitioner and his spouse filed a joint 1994 Federal income tax return, listing 118 Hickory Hills as their current address. (The 1994 return was the last return petitioner filed before October 11, 1996, the date on which the notices were mailed.) Moreover, respondent asserts that the envelope petitioner used to mail his 1994 return lists 118 Hickory Hills as petitioner's return address.

Respondent further states that on September 21, 1995, the chief of the IRS' Philadelphia Error Resolution Section wrote to petitioner and his spouse using the Hickory Hills address.

Respondent states: (1) In that letter petitioner was asked to complete and return Form 4684, Casualties and Thefts, with regard to petitioner's 1994 return; (2) on October 16, 1995, petitioner returned a completed Form 4684 to respondent and listed the Hickory Hills address as his personal residence; and (3) the envelope petitioner used to return Form 4684 to respondent bears the Hickory Hills address.

Finally, respondent disputes petitioner's position that the modification of petitioner's address from R.D. #1 to 118 Hickory Hills occurred after December 31, 1996. Respondent claims that according to the U.S. Postal Service that modification occurred approximately in February 1993. Continuing, respondent maintains that the R.D. #1 and Hickory Hills addresses are one and the same, and that mail sent in October 1996 to either address would have been delivered to petitioner. In sum, respondent claims that the second and third deficiency notices were properly sent to petitioner's last known address.

On January 5, 1998, respondent filed a supplement to respondent's motion to dismiss dated July 31, 1997. In the supplement, respondent maintains that because petitioner claims (in his motion to dismiss) that he did not receive the second and third notices until August 1, 1997, then a fortiori the January 2, 1997, petition could not relate to the determinations made in those notices. Accordingly, respondent requests the Court to dismiss for

lack of jurisdiction petitioner's request for a redetermination of the 1992 and 1993 income tax deficiencies as well as the 1992-95 section 4975 excise tax deficiencies.

Discussion

The jurisdiction of this Court to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a) and (c); Levitt v. Commissioner, 97 T.C. 437, 441 (1991); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). In essence, petitioner contends that the second and third deficiency notices were not valid because they were issued beyond the limitations period, and respondent contends that we do not have jurisdiction to consider the second and third deficiency notices because there was no indication that respondent's determinations set forth therein were being contested in a timely filed petition (i.e., the January 2, 1997, petition).

We shall first consider respondent's motion to dismiss for lack of jurisdiction. The Rules of this Court provide that

> Ordinarily, a separate petition shall be filed with respect to each notice of deficiency or each notice of liability. However, a single petition may be filed seeking a redetermination with respect to all notices of deficiency or liability directed to one person alone or to such person and one or more other persons or to a husband and a wife individually, except that the Court may require a severance and a separate case to be maintained with respect to one or more of such notices. Where the notice of deficiency or liability is directed to more

than one person, each such person desiring to contest it shall file a petition, either separately or jointly with any such other person, and each such person must satisfy all the requirements of this Rule in order for the petition to be treated as filed by or for such person.  The petition shall be complete, so as to enable ascertainment of the issues intended to be presented. * * * Failure of the petition to satisfy applicable requirements may be ground for dismissal of the case. * * *

Rule 34(a).

Section 6213(a) provides that in general a petition must be filed within 90 days after the notice of deficiency authorized under section 6212(a) is mailed.  Our jurisdiction is narrowly defined by statute, and we have no power to extend the 90-day period for filing a petition.  Rule 25(c); see Pyo v. Commissioner, 83 T.C. 626, 632 (1984).  Here, the 90-day period for filing a timely petition expired on January 9, 1997--a date that is before the date the amended petition was filed.

We agree with respondent that the original petition (that is, the petition filed on January 2, 1997) did not indicate that petitioner was contesting respondent's income tax determinations and accuracy-related penalties for 1992 and 1993, as set forth in the third deficiency notice.  There was no mention of income taxes in that part of the petition informing us as to the nature of the case, nor could we ascertain from the caption of the case that Mr. Sanders intended to contest respondent's determination in any capacity other than as it related to his law firm.  Other than a statement in the

petition that "All tax forms or their equivalent have been timely filed by Petitioner with the IRS (Form 5310, 5330, 5500, 1040)", there is no indication that would enable us to ascertain that petitioner intended to contest respondent's 1992 and 1993 income tax determinations. Thus, petitioner failed to file a timely petition requesting a redetermination of these taxes, and consequently, respondent's motion to dismiss and request to strike those allegations in petitioner's amended petition concerning income tax deficiencies for 1992 and 1993 must be granted. O'Neil v. Commissioner, 66 T.C. 105 (1976).

The petition did not specifically refer to the section 4975 excise tax deficiencies. However, there is an allegation in a paragraph of the petition claiming error by respondent referring to the "Plan loans/hardship withdrawals for employee/owners". We believe it proper to give petitioner the benefit of the doubt and to infer that petitioner intended to contest the section 4975 excise tax deficiencies as well as the section 4971 excise tax deficiencies in the petition. Consequently, respondent's motion to dismiss and request to strike those allegations in petitioner's amended petition concerning the section 4975 excise taxes will be denied.

We now turn our attention to petitioner's request to dismiss respondent's claim for 1992 income tax deficiencies (as set forth in the third notice of deficiency) and for section 4975 excise taxes for years before 1993 (as set forth in the second notice of

deficiency). Petitioner asserts that the 3-year period of limitations on assessment and collection with respect to 1992 income tax deficiencies (which are joint deficiencies) and for section 4975 excise taxes for years before 1993 had expired. Petitioner characterizes this assertion as a jurisdictional issue.

The statute of limitations is an affirmative defense and does not affect the jurisdiction of this Court. Rule 39; Badger Materials, Inc. v. Commissioner, 40 T.C. 1061, 1063 (1963); Sutherland v. Commissioner, T.C. Memo. 1996-1, affd. without published opinion 111 F.3d 127 (3d Cir. 1997). Accordingly, were we to agree with petitioner's argument (which we do not, as explained infra), we would recharacterize petitioner's motion as a motion for summary judgment and enter a decision of no deficiency as to income tax and section 4975 excise taxes for 1992.

Section 6212(a) authorizes the Commissioner to send a notice of deficiency to a taxpayer by certified or registered mail. For jurisdictional purposes, it is sufficient if the notice of deficiency is mailed to the taxpayer's "last known address". Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). If the notice is mailed to the taxpayer's last known address, actual receipt of the notice is not required. Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, supra. Both the mailing of the notice to a taxpayer's last known address and the time for filing a petition are jurisdictional requirements, and if either is not satisfied, the Court must dismiss the case for lack of

jurisdiction.[3]  Monge v. Commissioner, 93 T.C. 22 (1989); Yusko v. Commissioner, supra at 807.

The phrase "last known address" is not defined in the Internal Revenue Code or the regulations.  However, we have held that a taxpayer's last known address is the address shown on his most recently filed return, absent clear and concise notice of a change of address.  Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988); accord Aibejeris v. Commissioner, T.C. Memo. 1995-31.  We have also held that "last known address" is the address where the Commissioner reasonably believed the taxpayer wished to be reached.  Weinroth v. Commissioner, 74 T.C. 430, 435 (1980); Keeton v. Commissioner, 74 T.C. 377, 381-382 (1980); Snow v. Commissioner, T.C. Memo. 1996-457.

The taxpayer bears the burden of proving that the notice of deficiency was not sent to the taxpayer's last known address.  Yusko v. Commissioner, supra at 808.  "Taxpayers are required to send a clear and concise notification directing respondent to use a different address to be assured of effecting a change in the 'last known address.'  Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374-375 (1974), and cases collected therein."  Looper v. Commissioner, 73 T.C. 690, 696 (1980).  To supplant the address on the most recent return, the taxpayer must clearly indicate that the

---

[3]    However, a notice of deficiency sent to the wrong address is valid if it is received by the taxpayer without prejudicial delay.  Berger v. Commissioner, 404 F.2d 668 (3d Cir. 1968), affg. 48 T.C. 848 (1967); Goodman v. Commissioner, 71 T.C. 974 (1979).

former address is no longer to be used.  <u>Tadros v. Commissioner</u>, 763 F.2d 89, 92 (2d Cir. 1985).

Respondent has established through the submission of U.S. Postal Service Form 3877 that the second and third deficiency notices were mailed to petitioner on October 11, 1996.  See <u>Magazine v. Commissioner</u>, 89 T.C. 321, 324, 327 (1987).  Moreover, we conclude that the second and third deficiency notices were mailed to the address shown on petitioner's most recently filed return; hence, both deficiency notices were properly mailed to petitioner's last known address.  See, e.g., <u>Follum v. Commissioner</u>, <u>supra</u>.  (As an aside, we agree that respondent was not given clear and concise notification of a change of address.)

To summarize, those parts of respondent's motion as supplemented that seek to dismiss the 1992 and 1993 income tax deficiencies and accuracy-related penalties will be granted, and that part of respondent's motion as supplemented that seeks to dismiss the section 4975 excise tax deficiencies will be denied. Conversely, petitioner's motion to dismiss as to income tax deficiencies for 1992 and as to section 4975 excise taxes before 1993 will be denied.

To reflect the foregoing,

<u>An appropriate order</u>

<u>will be issued</u>.