ARTHUR TUVERSON and CYNTHIA TUVERSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tuverson v. Commissioner
Docket No. 31224-87.
United States Tax Court
T.C. Memo 1989-53; 1989 Tax Ct. Memo LEXIS 52; 56 T.C.M. (CCH) 1204; T.C.M. (RIA) 89053; February 6, 1989; Reversed and Remanded by 1989 U.S. App. LEXIS 18363 Bruce I. Hochman and Martin N. Gelfand, for the petitioners. Thomas D. Coker, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: This case is before us on respondent's motion to dismiss as to lack of jurisdiction as to each petitioner. With respect to Cynthia Tuverson, the notice of deficiency was issued by respondent only to Arthur Tuverson. As a consequence and *53 as the parties agree, this Court has no jurisdiction over Cynthia Tuverson, and respondent's motion to dismiss for lack of jurisdiction over her will be granted. On November 18, 1983, petitioners and respondent executed Form 872 (Consent Fixing Period of Limitation upon Assessment of Income Tax) in respect of the taxable year 1980 which reflected petitioners' address as 28903 Wight Road, Malibu, California 90265. On April 15, 1986, petitioners filed a joint Federal income tax return for the year 1985 with the Internal Revenue Service Center at Fresno, California. That return was a non-refund return and reflected the following address: 544 N. Rockingham Ave., Brentwood, California 90049. Other than by filing the 1985 Federal income tax return, Arthur Tuverson (hereinafter petitioner) did not notify respondent of his change from the Malibu address to the Brentwood address. On May 22, 1986, respondent (Los Angeles District Office) mailed a statutory notice of deficiency for the taxable year 1980, by certified mail, to petitioner at the following address: 28903 Wight Road, Malibu, California 90265. On May 29, 1986, the notice of deficiency was returned by the U.S. Postal Service *54 to the IRS, Los Angeles District, with the envelope stamped "Forwarding Order Expired." Federal income tax returns upon which refunds are claimed are given processing priority by respondent in order to meet the 45-day interest-free period as provided by section 6611(e). [1] Petitioners' new address as indicated on their 1985 return was posted to the IRS computer records on July 27, 1986. It takes 30 to 60 seconds for respondent to do a computer address search. Respondent's administrative file does not reflect that a computer address search was in fact made after the notice of deficiency was returned undelivered. With respect to petitioner, respondent's motion is grounded on the assertion that the petition was not filed within the 90-day period from the date of mailing of the notice of deficiency specified in section 6213(a) and was therefore untimely. Petitioner counters with the assertion that respondent's notice of deficiency was not sent to his last known address as required by section *55 6212(a); if this is so, the deficiency notice is invalid and this Court is also without jurisdiction. Thus, the critical issue is whether the notice of deficiency was sent to petitioner's last known address. Initially, petitioner argues that respondent was obligated to make, but did not make, a computer search for his address prior to the issuance of the notice of deficiency. We disagree. Our latest statement in respect of the impact of information in respondent's computer system does not require respondent to make a search before issuing a notice of deficiency; it simply holds that respondent must suffer the consequences flowing from the information available to him in that system. . Petitioner next argues that, since the notice of deficiency was returned to respondent on May 29, 1986, with the indication that it had not been delivered and since over 80 days still remained of the period during which a petition could have been filed, respondent was under a duty to make a computer search during the remaining period. It is clear, however, that respondent was not on notice of petitioner's new address prior to July 27, 1986, when *56 the new address was posted in the computer. . [2] Indeed, before that time, any computer search would have been unproductive. To be sure, on July 27, 1986, some 20-plus days remained of the period for filing the petition herein. But we do not think that this is relevant. We are satisfied that the critical date for determining respondent's knowledge of a taxpayer's last known address is the date of the mailing of the notice of deficiency. , affg. . [3] Cf. , where almost 2 months remained of the period for filing a petition. To accede to petitioner's contention would have the effect of requiring respondent to make a series of computer searches during the 90-day period after the issuance of every notice of deficiency in order to determine whether a new address for a taxpayer had been posted. This would impose an unacceptable administrative burden upon respondent, neither expressly or impliedly required by the relevant statutory provision or existing judicial interpretations *57 thereof. We hold that the notice of deficiency was sent to petitioner at his last known address. Since it is undisputed that the petition herein was filed more than 90 days after the mailing of that notice, it was untimely, and respondent's motion to dismiss for lack of jurisdiction as to petitioner will be granted on that ground. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner makes no assertion that the time taken by respondent in entering Mr. Tuverson's new address in the computer was unreasonable. See . In this connection, we note that non-refund returns such as the one involved herein did not have processing priority. See page 3, supra.↩Cf. . 3. See also ; .↩