ISIDRO P. MONGE AND LINDA M. MONGE, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 27865-87.     Filed July 12, 1989.

*George W. Connelly, Jr.,* for the petitioners.
*David H. Peck,* for the respondent.

WHALEN, *Judge:* This case is before the Court to decide the cross-motions of the parties to dismiss for lack of jurisdiction. The dispositive issue is whether respondent mailed the notice of deficiency to the "last known address" of both petitioners, as contemplated by section 6212.[1]

### FINDINGS OF FACT

Some of the facts have been stipulated, and are so found. The stipulation of facts filed by the parties and the exhibits attached thereto are incorporated herein by this reference.

At the time the petition was filed in this case, Isidro P. Monge resided in Reading, Massachusetts, and Linda M. Monge resided in Tucson, Arizona.

Petitioners filed their joint Federal income tax return for taxable year 1982 with the Austin Internal Revenue Service Center on October 15, 1983. The return reported petitioners' address as "13029 Champions Drive, Houston, Texas 77069" (Houston address). Actually, this was not petitioners' home address; it was the address of Hendricks Management Co. and Hendricks Sports Management (Hendricks Co.). Employees of Hendricks Co. prepared petitioners' 1982 tax return and advised petitioners on financial matters.

Petitioners had previously made application for an automatic extension of time to file their 1982 return on Form

---

[1]All section references are to the Internal Revenue Code.

4868 (Application for Automatic Extension of Time to File U.S. Individual Income Tax Return). This form was filed on their behalf on April 13, 1983. It shows petitioners' address as "1214 Oak Street, Grand Prairie, TX 75050." Subsequently, petitioners made application for a further extension of time to file their 1982 return on Form 2688 (Application for Additional Extension of Time to File U.S. Individual Income Tax Return). That form was filed with respondent on their behalf on August 3, 1983, and also lists "1214 Oak Street, Grand Prairie, TX 75050" as their address.

Mr. Monge's Federal income tax returns for taxable years 1983 and 1984 bore the Houston address, the same address reflected on petitioners' 1982 return.

On March 11, 1985, respondent mailed a letter to petitioners at the Houston address, proposing changes to their 1982 tax return. Mr. Monge received the letter and on March 19, 1985, consented to the proposed changes.

On April 11, 1986, an agent of Mr. Monge sent Form 4868 to the Internal Revenue Service Center at Fresno, California, to obtain an extension of time to file Mr. Monge's 1985 income tax return. The agent listed Mr. Monge's address on the form as "9556 Vista Hills Place, Lakeside, California 92040" (Lakeside address). Nothing on the form stated that the Lakeside address is a new address or that Mr. Monge wanted correspondence directed to him there.

On or about August 11, 1986, the same agent sent Form 2688 to the Internal Revenue Service Center at Fresno, California, to request a further extension of the due date for Mr. Monge's 1985 return. The Form 2688 again reflected the Lakeside address as Mr. Monge's but did not state that the Lakeside address was a new address or that Mr. Monge wanted correspondence directed to him there. After approving the extension, respondent returned the form to Mr. Monge at the Lakeside address.

Employees of the Fresno Service Center enter certain information shown on Forms 4868 and 2688 into respondent's computer records, but they do not normally enter the taxpayer's address as shown on either form into those records.

Mr. Monge did not notify either the Houston Examination Division or the Austin Service Center that he desired to change his address to the Lakeside address.

Ms. Monge filed her 1985 income tax return and elected single filing status. Respondent received Ms. Monge's 1985 return on or about May 12, 1986. Respondent updated Ms. Monge's address in his computer records during the 25th week of 1986 (approximately the third week of June 1986). The updated address was 8966 Placeta del Perone, Tucson, Arizona 85746 (the Tucson address).

On May 16, 1986, respondent sent a letter by certified mail to petitioners at the Houston address requesting their consent to extend the period of limitations on assessments for the taxable year 1982. The letter was received at Hendricks Co. by Ms. Polly Duke, an employee who signed U.S. Postal Service Form 3811 (Domestic Return Receipt), evidencing receipt of the letter. Hendricks Co. forwarded the letter to Mr. Monge, but the consent was not executed or returned to respondent by either of the petitioners. On May 29, 1986, respondent sent another letter by regular mail to petitioners requesting their consent to extend the statute of limitations for the taxable year 1982. The letter was sent to the Houston address and was received by Hendricks Co. It was not returned to respondent by either of the petitioners.

On or about July 11, 1986, Hendricks Co. moved its offices from the Houston address to 400 Randall Way, Suite 106, Spring, Texas 77388 (Spring, Texas, address). Hendricks Co. filed a request with the Postal Service to have its mail forwarded to the Spring, Texas, address and gave a list of many of its clients to its Postal Service letter carrier, Mr. Roger Cunningham, to assist in forwarding its mail. Many pieces of certified mail were forwarded by the Postal Service from the Houston address to the Spring, Texas, address during the period in question.

The notice of deficiency at issue was mailed on September 3, 1986, by respondent's Houston Examination Division. Respondent thereby determined the following deficiency in and additions to petitioners' 1982 Federal income tax:

| Taxable | | Additions to tax | | | |
|---|---|---|---|---|---|
| year | Deficiency | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6621(c) | Sec. 6661 |
| 1982 | $69,509.12 | $3,475.46 | [1] | [2] | $6,950.91 |

[1] 50% of the interest due on the underpayment.
[2] 120% of the interest due on the underpayment.

The notice of deficiency was issued jointly to both petitioners, and was mailed in a single mailing to the Houston address. On September 9, 1986, the notice was returned to respondent by the Postal Service. The envelope containing the notice had been stamped "insufficient address," but no other information was provided thereon about petitioners' current address.

Normally, when a notice of deficiency is returned to the Houston Examination Division by the Postal Service, respondent searches his computer records for an additional address which may have been recorded after the notice was mailed. If his search reveals such an additional address and the statute of limitations is still open, then respondent remails the notice to the taxpayer at the additional address. If the notice is returned by the Postal Service with a forwarding address and the statute of limitations is still open, then respondent remails the notice to the taxpayer at the forwarding address. If the computer search reveals no other address for the taxpayer and there is no forwarding information on the envelope, then the taxpayer's file is put into respondent's suspense system to await default.

In this case, after the notice of deficiency was returned to respondent, a representative of the Houston Examination Division accessed respondent's computer system on September 30, 1986, to verify petitioners' address. Respondent's search was limited to Mr. Monge's Social Security number; no search was made to determine if respondent's computer system contained a different address for Ms. Monge except as would be revealed under Mr. Monge's Social Security number. Respondent concluded from his computer search that the Houston address was still the current address of both petitioners. The notice of deficiency was then placed in respondent's administrative file.

Mr. Monge's 1985 income tax return was filed on October 17, 1986. It was prepared by Hendricks Co. and Hendricks Co.'s Spring, Texas, address was shown as Mr. Monge's.

The petition in this case was filed 349 days after the mailing of the notice of deficiency.

OPINION

In general, a taxpayer engages the deficiency jurisdiction of this Court by filing a petition for redetermination within 90 days after respondent mails a notice of deficiency by certified or registered mail. Secs. 6212(a), 6213(a), and 6214(a). Thus, a valid notice of deficiency and a timely petition are essential to our deficiency jurisdiction and we must dismiss any case in which one or the other is not present. E.g., *Pietanza v. Commissioner*, 92 T.C. 729, 735 (1989); *Pyo v. Commissioner*, 83 T.C. 626, 632 (1984).

The parties have stipulated and we have found that respondent mailed the subject notice of deficiency more than 90 days prior to the date on which petitioner filed the instant petition. Accordingly, we must dismiss the petition as untimely under section 6213(a), unless we agree with petitioners' position that the notice of deficiency was not mailed to the "last known address" of either Mr. or Ms. Monge and is invalid. In that event, we must also dismiss the case for lack of jurisdiction, but respondent may thereafter be prohibited from making an assessment based upon the invalid notice. Sec. 6213(a); sec. 6501; *O'Brien v. Commissioner*, 62 T.C. 543, 548 (1974). In either event, it is clear that we do not have jurisdiction over this case and that it must be dismissed. In these circumstances, however, we have jurisdiction to declare the reason why we do not have jurisdiction. *Shelton v. Commissioner*, 63 T.C. 193 (1974).

The dispositive issue in this case is whether the notice of deficiency was mailed to the "last known address" of both Mr. and Ms. Monge within the meaning of section 6212(b)(1). The phrase "last known address" is not defined by the Code or regulations. In construing it, this and other courts have focused on the Commissioner's knowledge, rather than on what in fact may have been the taxpayer's actual address. *Pyo v. Commissioner, supra* at 633; *Brown v. Commissioner*, 78 T.C. 215, 218-219 (1982). See also *Cyclone Drilling, Inc. v. Kelley*, 769 F.2d 662, 664 (10th Cir. 1985). Generally, a taxpayer's "last known address" is the

address to which, in light of all surrounding facts and circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. E.g., *United States v. Ahrens*, 530 F.2d 781, 785 (8th Cir. 1976); *Looper v. Commissioner*, 73 T.C. 690, 696 (1980).

Until recently, it has been our position that respondent is entitled to treat the address of the taxpayer appearing on the return under examination as the taxpayer's last known address, absent "clear and concise notification" of an address change. See, e.g., *Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. 367, 374 (1974), affd. 538 F.2d 334 (9th Cir. 1976). In *Abeles v. Commissioner*, 91 T.C. 1019 (1988), we held that a taxpayer's last known address is the address shown on his most recent return, absent clear and concise notice of a change of address. In *Abeles*, we stated as follows:

a taxpayer's last known address is that address which appears on the taxpayer's most recently filed return, unless respondent has been given clear and concise notification of a different address. For these purposes, * * * a taxpayer's "most recently filed return" is that return which has been properly processed by an IRS service center such that the address appearing on such return was available to respondent's agent when that agent prepared to send a notice of deficiency in connection with an examination of a previously filed return. * * * [T]he address from the more recently filed return is *available* to the agent issuing a notice of deficiency with respect to a previously filed return, if such address could be obtained by a computer generation of an IRS computer transcript using * * * *both* taxpayers' [taxpayer identification numbers] in the case of a previously filed joint return. [91 T.C. at 1035. Emphasis in original; fn. ref. omitted.]

The rule enunciated in *Abeles* was adopted in light of evidence that the technological advancement and efficacy of respondent's computer system now allow respondent ready access to the address on a taxpayer's most recently filed return, once the return has been properly processed. *Abeles v. Commissioner*, supra at 1034.

In *Abeles*, we further held that a taxpayer's most recently filed and processed return may constitute notice to respondent that "separate residences have been established" by a husband and wife within the meaning of section 6212(b)(2). The consequence of such notification to respondent is set out in section 6212(b)(2), which provides:

In the case of a joint income tax return filed by husband and wife, such notice of deficiency may be a single joint notice, except that if the Secretary has been notified by either spouse that separate residences have been established, then, in lieu of the single joint notice, a duplicate original of the joint notice shall be sent by certified mail or registered mail to each spouse at his last known address.

Accordingly, in *Abeles*, we held that the taxpayer's use of a new address on her 1981 return, filed approximately 5½ months prior to the mailing date of the notice of deficiency for 1975 and 1977, constituted notification by the taxpayer that "separate residences [had] been established" for purposes of section 6212(b)(2), and that respondent should have mailed a duplicate original of the joint notice of deficiency to the last known address of each spouse.

*Petitioner Ms. Monge*

Shortly after our opinion in *Abeles* was handed down, petitioners sought and, with no objection from respondent, were granted leave to amend their petition to formally raise the contention that Ms. Monge's 1985 income tax return constituted notification to respondent that "separate residences [had] been established" by the couple, as well as notification of her new last known address.

As to Ms. Monge, this case is indistinguishable from *Abeles*. Respondent received Ms. Monge's 1985 income tax return on May 12, 1986, and completed processing of it during June 1986. Thus, more than 2 months prior to mailing of the notice of deficiency, respondent's computer records reflected the Tucson address as Ms. Monge's new address. At the same time, respondent was put on notice of the fact that Mr. and Mrs. Monge had established separate residences. Accordingly, pursuant to section 6212(b)(2), respondent was required to send a duplicate original of the joint notice to Ms. Monge at her Tucson address.

We find that respondent failed to send a duplicate original of the joint notice of deficiency to Ms. Monge at her last known address. The Postal Service Form 3877 introduced by respondent shows that only a single joint notice of deficiency was mailed to petitioners at the Houston address and was later returned to respondent as undeliverable. Accordingly, we find that the notice of

deficiency mailed to the Houston address on September 3, 1986, was without legal effect as to Ms. Monge, and that there has been no valid notice of deficiency issued to her upon which our jurisdiction could be based for the year 1982. *Abeles v. Commissioner, supra* at 1038.

*Petitioner Mr. Monge*

As to Mr. Monge, petitioners contend that the notice of deficiency for the year 1982 is invalid for two reasons. First, they contend that Mr. Monge provided respondent with clear and concise notification of the change of his address when he filed Forms 4868 and 2688 seeking extensions of time in which to file his 1985 return. Second, petitioners claim that the notice of deficiency is invalid as to Mr. Monge because respondent failed to exercise reasonable care and diligence in ascertaining Mr. Monge's correct address after the notice of deficiency was returned by the Postal Service. We disagree with both contentions and hold that the notice of deficiency was mailed to Mr. Monge's last known address.

To place petitioners' position as to Mr. Monge in perspective, we note that the address used by petitioners on their 1982 return and the address used by Mr. Monge on his 1983, 1984, and 1985 returns is the office address for Hendricks Co., Mr. Monge's financial consultant. Although Mr. Monge used other addresses on various forms filed with respondent, his 1982, 1983, 1984, and 1985 returns all use the address of Hendricks Co. as his address. For example, extensions of time to file petitioners' 1982 return were sought and received after Forms 4868 and 2688 were filed on their behalf on April 13, 1983, and August 3, 1983, respectively. Both forms reported petitioners' address as "1214 Oak Street, Grand Prairie, TX 75050." Nevertheless, in filing their 1982 return, petitioners reported the Houston address, the location of Hendricks Co. at the time, as their address. Similarly, extensions of time to file Mr. Monge's 1985 return were sought and received after Forms 4868 and 2688 were filed on his behalf on April 11, 1986, and August 11, 1986, respectively. Both forms used the Lakeside address as Mr. Monge's. Nevertheless, in filing his 1985 return, Mr. Monge reported the Spring, Texas, address, the

location of Hendricks Co. at that time, as his address. The above pattern suggests that Mr. Monge wanted all notices and correspondence from respondent to be sent to Hendricks Co., his return preparer and financial consultant. Nevertheless, petitioners argue that Mr. Monge wanted respondent to use the Lakeside address, not the address for Hendricks Co., and that he gave respondent clear and concise notification of his wishes in that regard on Forms 4868 and 2688 for the year 1985.

Respondent used the Houston address of Hendricks Co. in mailing the subject notice of deficiency to petitioners for the year 1982. The notice of deficiency did not reach Hendricks Co., undoubtedly because Hendricks Co. moved from the Houston address less than 60 days before respondent mailed the notice. In any event, the Houston address is not only the address used on Mr. Monge's 1982 return, the return at issue, but also the address used on his 1984 return, the most recently filed and processed return at the time the notice of deficiency was mailed. In the absence of clear and concise notification of a different address, respondent is entitled to treat the Houston address as Mr. Monge's last known address. *Abeles v. Commissioner, supra* at 1035.

In our opinion, the Forms 4868 and 2688 filed with respect to Mr. Monge's 1985 return do not singly or together constitute clear and concise notification of a new address. This is a question of fact and the taxpayer bears the burden of proving such notification. *Cyclone Drilling, Inc. v. Kelley,* 769 F.2d at 664; *Weinroth v. Commissioner,* 74 T.C. 430, 435 (1980). In our view, petitioners failed to meet their burden of proof in this case.

The Forms 4868 and 2688 filed for 1985 do not constitute notification of Mr. Monge's change of address any more than similar forms filed for the year 1982 constituted notification to respondent of a change of address for that year. Moreover, both of the 1985 forms were filed by agents of Mr. Monge rather than by Mr. Monge himself, and neither form was accompanied by instructions from Mr. Monge or his agents directing respondent to use the Lakeside address for future correspondence. Finally, both forms were filed with the Fresno Service Center, which does

not normally record a taxpayer's address shown on either form or, except on request, provide this information to other offices of respondent, such as the Austin Service Center or the Houston Examination division.

Petitioners acknowledge that we have previously held in *Lincoln v. Commissioner,* T.C. Memo. 1988-93, and *Tyler v. Commissioner,* T.C. Memo. 1985-510, that the filing of Forms 4868 and 2688 does not constitute clear and concise notification of a change of address unless the taxpayer specifically indicates on the form that it is a new address.

Perhaps the most significant objection to petitioners' position is that it would require respondent to record the address shown on every extension request filed with him. The adoption of their position would clearly upset the balance between the administrative burdens imposed on respondent and the interest of taxpayers in obtaining actual notice of respondent's determination. See *Abeles v. Commissioner,* 91 T.C. at 1034. If Mr. Monge had wanted respondent to use the address shown on either Form 4868 or 2688 as his last known address, it would have been a simple matter for him to have so indicated on the form itself. Mr. Monge chose not to do so and thereby failed to clearly and concisely notify respondent of the desired change. Accordingly, we hold that the Forms 4868 and 2688 filed by Mr. Monge for the year 1985 did not provide clear and concise notification to respondent of Mr. Monge's change of address.

Petitioners' second argument is that respondent failed to exercise reasonable care and due diligence after the notice of deficiency was returned to him by the Postal Service. Petitioners contend that when the notice of deficiency was returned by the Postal Service with the words "insufficient address" stamped on the envelope, respondent knew or should have known that his initial mailing of the notice was defective. According to petitioners, respondent was required to exercise reasonable care and diligence to find petitioners' correct address and give petitioners notice of his determination before the period of limitations on assessments expired. Petitioners assert that the actions taken by respondent in this case are clearly shown to be deficient when compared to respondent's procedures set forth in the Internal Reve-

nue Manual, section 5236, calling for much more extensive inquiry to ascertain a taxpayer's address to collect tax than that employed in this case to ascertain Mr. Monge's address.

We agree that after respondent becomes aware of a taxpayer's change of address, he must exercise reasonable care and diligence in ascertaining and mailing the notice of deficiency to the correct address. *Frieling v. Commissioner,* 81 T.C. 42, 49 (1983); *Alta Sierra Vista v. Commissioner,* 62 T.C. at 374. However, this obligation arises only if respondent becomes aware of an address change *prior* to mailing the deficiency notice to the taxpayer's last known address. Section 6212(b)(1) provides that a notice of deficiency mailed to the taxpayer's last known address "shall be sufficient." A notice which is mailed in conformity with section 6212(b)(1) is valid, regardless of whether the taxpayer actually receives the notice. *King v. Commissioner,* 857 F.2d 676, 681 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); *Keado v. United States,* 853 F.2d 1209, 1212 (5th Cir. 1988); *United States v. Ahrens,* 530 F.2d at 785; *Frieling v. Commissioner, supra* at 52. Nothing in the Code requires respondent to take additional steps to effectuate delivery. *Pomeroy v. United States,* 864 F.2d 1191, 1195 (5th Cir. 1989); *King v. Commissioner,* 857 F.2d at 681. The Code does not even require remailing. *Pfeffer v. Commissioner,* 272 F.2d 383, 383 (2d Cir. 1959), affg. an unreported order of this Court. The statute looks to the point in time when respondent mailed the deficiency notice, not to the date when the statute of limitations expired, to determine the reasonableness of his action. *Pomeroy v. United States, supra* at 1195; *Mulder v. Commissioner,* 855 F.2d 208, 211 (5th Cir. 1988), revg. and remanding T.C. Memo. 1987-363. *Tuverson v. Commissioner,* T.C. Memo. 1989-53; *Lincoln v. Commissioner, supra; Karosen v. Commissioner,* T.C. Memo. 1983-540.

Petitioners rely heavily on *King v. Commissioner,* 88 T.C. 1042 (1987), affd. 857 F.2d 676 (9th Cir. 1988), in which we held that respondent was under an obligation to exercise reasonable care to ascertain the taxpayer's correct address *after* the original notice of deficiency was returned as

undeliverable. 88 T.C. at 1049. Our decision in *King*, however, was an attempt to apply the view of the Ninth Circuit as expressed in *Cool Fuel, Inc. v. Connett*, 685 F.2d 309 (9th Cir. 1982), and was occasioned by the fact that we felt bound to do so under the rule in *Golsen v. Commissioner*, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971). As it turned out, we misinterpreted the Ninth Circuit view and were instructed as follows by that court when it affirmed our decision but described as "clearly erroneous" our interpretation of respondent's duty under *Cool Fuel:*

Under I.R.C. sec. 6212(b), validity of the notice turns on whether the IRS used the last known address when the notice was *mailed.* Nothing in the statute suggests that the IRS is obligated to take additional steps to effectuate delivery if the notice is returned; indeed, a notice mailed to the last known address is sufficient even if it is never received. *Wallin,* 744 F.2d at 676. Consequently, we do not believe that *Cool Fuel* imposes a duty of reasonable diligence beyond the time that the notice is mailed. The court in *Cool Fuel* had already held that the subsequent tax returns were themselves sufficient to provide the IRS with notice, and our previous holding in *Welch v. Schweitzer* was sufficient to impute that knowledge to the audit division. [857 F.2d at 681. Emphasis in original; fn. ref. omitted.]

In view of the foregoing, we reject petitioners' argument that respondent failed to exercise reasonable care in ascertaining Mr. Monge's last known address. Under the facts of this case, respondent has done all that the statute requires of him. Accordingly, the cases cited by petitioner, in which respondent has been required to do more because of unusual facts before the Court, are not controlling. These cases include: *Estate of McKaig v. Commissioner,* 51 T.C. 331 (1968); *Tangren v. Mihlbachler,* 522 F. Supp. 701 (D. Colo. 1981); *Kennedy v. United States,* 403 F. Supp. 619 (W.D. Mich. 1975), affd. without published opinion 556 F.2d 581 (6th Cir. 1977).

For the reasons set out above, petitioners' motion to dismiss will be granted and respondent's motion to dismiss will be denied as to petitioner Linda M. Monge. Respondent's motion to dismiss will be granted and petitioners' motion to dismiss will be denied as to petitioner Isidro P. Monge.

To reflect the foregoing,

*An appropriate order will be entered.*