T.C. Memo. 1999-28

UNITED STATES TAX COURT

TIM R. CASANOVA AND SAN JUANITA VILLAREAL, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10605-98.                    Filed February 1, 1999.

Tim R. Casanova and San Juanita Villareal, pro sese.

Melinda G. Williams and James G. Macdonald, for respondent.

MEMORANDUM OPINION

COHEN, Chief Judge:  This case was assigned to Special Trial
Judge Robert N. Armen, Jr., pursuant to the provisions of section
7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with
and adopts the opinion of the Special Trial Judge, which is set
forth below.

_____

[1] All section references are to the Internal Revenue Code,
as amended, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. The issue for decision is whether the petition was filed within the 90-day period prescribed in section 6213(a).

Background

On October 23, 1997, respondent mailed a notice of deficiency to Tim R. Casanova and San Juanita Villareal (petitioners) determining a deficiency in, and an accuracy-related penalty on, their income tax for 1993.  On January 21, 1998, petitioners filed an imperfect petition with the Court, assigned docket No. 1418-98.  By Order dated January 27, 1998, the Court provided petitioners with a blank form petition and directed them to file a proper amended petition and pay the required $60 filing fee in docket No. 1418-98.

On February 19, 1998, respondent mailed a notice of deficiency to petitioners determining deficiencies in, and accuracy-related penalties on, their income taxes for 1994, 1995, and 1996 as follows:

| Year | Deficiency | Accuracy-Related Penalty Sec. 6662(a) |
|------|-----------|----------------------------------------|
| 1994 | $19,833 | $3,893.20 |
| 1995 | 14,715 | 2,906.00 |
| 1996 | 12,217 | 2,443.40 |

On February 25, 1998, the Court received an envelope from petitioners containing the following documents pertaining to docket No. 1418-98:  (1) A partially completed form amended petition; (2) 3 copies of a designation of place of trial

designating Corpus Christi, Texas, as the place of trial; and (3) a check in the amount of $60. The envelope in question bore a U.S. Postal Service postmark date of February 20, 1998, and registered mail No. R773-219-004.

By letter dated February 26, 1998, the deputy clerk of the Court (the deputy clerk) returned the above-described amended petition to petitioners and informed them that the amended petition had not been filed because it was incomplete. The deputy clerk further informed petitioners that the Court does not conduct trial sessions in Corpus Christi, Texas, and that petitioners would have to select an alternative trial site from the list that was enclosed with the letter. Finally, the deputy clerk informed petitioners that their $60 check had been applied to docket No. 1418-98 in satisfaction of the filing fee.

On March 25, 1998, petitioners filed a proper amended petition in docket No. 1418-98 and a designation of place of trial designating San Antonio, Texas, as the place of trial.[2] In addition, petitioners elected to have their case tried pursuant to the small tax procedures under section 7463. Accordingly, the docket number for the case was changed to docket No. 1418-98S.

In early June 1998, petitioners filed Postal Service Form 1000 (Domestic Claim or Registered Mail Inquiry) with the U.S. Postal Service for the purported purpose of tracing the delivery

---

[2] Markings on the amended petition filed Mar. 25, 1998, reveal that the document is the same form amended petition that the deputy clerk returned to petitioners by letter dated Feb. 26, 1998.

of registered mail No. R773-219-004. On June 8, 1998, the clerk of the Court executed the Postal Service Form 1000 and acknowledged receipt of the item of registered mail No. R773-219-004 by checking the "Yes" box under entry No. 13a, which states: "Did you receive items listed above?". The Court retained a copy of the Postal Service Form 1000 in the correspondence folder in docket No. 1418-98S.

On June 9, 1998, petitioners submitted an "Affidavit" to the Court, which the Court filed as a petition for redetermination, assigned docket No. 10605-98, contesting the notice of deficiency for the years 1994, 1995, and 1996. The petition arrived at the Court in an envelope bearing a U.S. Postal Service postmark date of June 8, 1998. The petition includes allegations that on February 20, 1998, petitioners' employee, Rosemary Vela, mailed a petition to the Court in an envelope bearing registered mail No. R773-219-004 contesting the notice of deficiency for 1994, 1995, and 1996. The affidavit further states that, on June 1, 1998, petitioners were informed by the Tax Court's "90-day clerk" that the Court had not received the petition, prompting petitioners to initiate a "tracer" on registered mail No. R773-219-004.[3] At the time that the petition was filed, petitioners resided in Corpus Christi, Texas.

---

[3] The Tax Court does not have any personnel positions with the title "90-day clerk". We surmise that petitioners may have spoken with someone in respondent's office.

In response to the petition, respondent filed a Motion to Dismiss for Lack of Jurisdiction on the ground that the petition was not filed within the 90-day filing period prescribed in section 6213(a) or section 7502. On August 7, 1998, petitioners filed an objection to respondent's motion to dismiss repeating the allegations contained in the petition. On August 31, 1998, petitioners filed a supplemental objection, again repeating the allegations contained in the petition.

By Order dated September 14, 1998, respondent's motion to dismiss was calendared for hearing at the Court's motions session in Washington, D.C., on October 14, 1998. By Order dated September 25, 1998, the parties were directed to provide the Court with evidence of the date of receipt by petitioners of the notice of deficiency for 1994, 1995, and 1996.

On October 5, 1998, petitioners filed a response to the Court's Order dated September 25, 1998. Petitioners' response was not responsive to the Court's order. Nonetheless, petitioners' response did include a number of attachments, including a copy of Postal Service Form 1000 that includes markings different from the copy of Postal Service Form 1000 retained in the Court's correspondence folder. In particular, on the copy of the Postal Service Form 1000 submitted by petitioners, the "Yes" box that the Court checked under entry No. 13a is obliterated and the "No" box is checked. The initials MLP appear next to entry No. 13a.

This matter was called for hearing at the Court's motions session in Washington, D.C., on October 14, 1998.  Counsel for respondent appeared at the hearing and provided the Court with a copy of Postal Service Form 3849 demonstrating that the notice of deficiency for 1994, 1995, and 1996 was delivered on February 20, 1998.[4]  There was no appearance at the hearing by or on behalf of petitioners.  During the hearing, the Court made the following exhibits part of the record in this case:  (1) The envelope that petitioners mailed to the Court on February 20, 1998, bearing registered mail No. R773-219-004; (2) the deputy clerk's February 26, 1998, letter to petitioners; and (3) the Court's retained copy of Postal Service Form 1000.

By Order dated October 14, 1998, petitioners were given the opportunity to file a second supplemental objection to respondent's motion.  On November 13, 1998, petitioners filed a second supplemental objection to respondent's motion in which they denied receiving the deputy clerk's February 26, 1998, letter and suggested that the Court had mistakenly filed the contents of the envelope that they mailed to the Court on February 20, 1998, under docket No. 1418-98S.

This matter was called for further hearing at the Court's motions session in Washington, D.C., on November 25, 1998.  Counsel for respondent appeared at the hearing and presented

---

[4] Postal Service Form 3849 indicates that the notice of deficiency was received by a Linda Perez, whom we understand to be petitioners' employee.

argument in support of respondent's motion to dismiss.  There was no appearance at the hearing by or on behalf of petitioners.  During the hearing, the Court made a number of exhibits part of the record in this case--exhibits pertaining to the nature and timing of significant developments in docket No. 1418-98S.

By Order dated December 1, 1998, the Court served petitioners with the transcript of the November 25, 1998, hearing and the exhibits that were made a part of the record at that time.  In addition, petitioners were provided with the opportunity to file a response with the Court.

On December 23, 1998, petitioners filed a response with the Court in which they state that they recently discovered, contrary to prior statements, that they did receive the deputy clerk's February 26, 1998, letter.  Petitioners' response includes an explanation regarding the initials "MLP" appearing on petitioners' copy of Postal Service Form 1000.  Petitioners' response states in pertinent part as follows:

> Reason for MLP on document.  Postal Service Worker stated that #13 on PS Form 1000 was not [to] be filled out by Petitioner but only by the respondent.  Mistake was made by [petitioners'] employee, Maria Linda Perez. Postal Employee Arnold Padron told Ms. Perez to scratch off the mistake and put her initials by it so that the court would not assume that the post office tampered with the document.

Discussion

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition.  Rule 13(a), (c); Monge v. Commissioner,

93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).  Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail.  It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer's "last known address".  Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983).  The taxpayer, in turn, has 90 days (or 150 days if the notice is addressed to a person outside of the United States) from the date the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a).

There is no dispute that respondent mailed a notice of deficiency to petitioners for the taxable years 1994, 1995, and 1996 on February 19, 1998.  Further, an employee of petitioners received the notice of deficiency on February 20, 1998.  The 90-day period for filing a timely petition with the Court contesting the notice of deficiency expired on Wednesday, May 20, 1998.

On June 9, 1998, the Court received an "Affidavit" from petitioners, which the Court filed as a petition for redetermination for the taxable years 1994, 1995, and 1996. Although petitioners contend that the envelope that their employee mailed to the Court by registered mail on February 20, 1998, contained a petition contesting the notice of deficiency at issue, the record shows otherwise.  In particular, the contents of the envelope that petitioners mailed to the Court on February

20, 1998, pertained solely to docket No. 1418-98.  In short, there is no evidence in the record that petitioners mailed a petition to the Court contesting the notice of deficiency for 1994, 1995, and 1996, on or before May 20, 1998.  Under the circumstances, we are obliged to dismiss this case for lack of jurisdiction on the ground that the petition was not filed within the 90-day period prescribed in section 6213(a).  See Phirman v. Commissioner, T.C. Memo. 1991-431.

To reflect the foregoing,

An order granting respondent's Motion to Dismiss for Lack of Jurisdiction will be entered.