T.C. Memo. 2000-88


UNITED STATES TAX COURT


EDWARD K. & SUSIE Y. WONG, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6918-99.                    Filed March 14, 2000.


Edward K. Wong, pro se.

<u>Sylvia L. Shaughnessy</u> and <u>Jenny A. Moon</u>, for respondent.


MEMORANDUM OPINION

PAJAK, <u>Special Trial Judge</u>:  This case comes before the
Court on respondent's motion to dismiss for lack of jurisdiction
on the grounds that the petition was not filed within the time
prescribed by section 6213(a) or section 7502.  Unless otherwise
indicated, section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the

Tax Court Rules of Practice and Procedure.

Petitioners contend that respondent's motion to dismiss should be denied on the theory that the original notice of deficiency was "withdrawn and superceded by the Statement of Tax Owing" which is the subject of their petition.

At the time the petition was filed with the Court, petitioners resided in Newport Beach, California.

On June 15, 1998, respondent mailed petitioners a joint notice of deficiency which stated that respondent had determined a $10,283 deficiency for the 1995 taxable year. The notice of deficiency states in pertinent part that: (1) petitioners have 90 days from the date of the letter within which to file a petition with the United States Tax Court, (2) the Court cannot consider a late petition, (3) the time to file cannot be extended or suspended, and (4) the receipt of other information or correspondence from the IRS will not change the period for filing a petition.

Petitioners, through their accountant, contacted respondent and requested audit reconsideration some time around October 20, 1998. Respondent replied to petitioners on October 20, 1998, in a letter which stated that petitioners' case would be returned to the examination group for evaluation. At the bottom of this letter is the handwritten statement "Time to file a petition has expired". The letter also clearly states that: "Correspondence

or interview during the 90-day period does not suspend the period for filing a petition with Tax Court in Washington, D.C.  The last day for filing a petition is 9/13/98".  Respondent concedes, and we hold, that the 90-day period for timely filing a petition with respect to this notice of deficiency expired on Monday, September 14, 1998, because September 13, 1998, the 90th day, fell on a Sunday.

On January 12, 1999, respondent mailed petitioner a letter that stated:

> Enclosed are two copies of a report supplementing the statutory notice of deficiency we sent you earlier.  This report explains changes we made to our proposed adjustments. * * *
>
> If you do not accept, you may, within the period stated in the statutory notice, petition the United States Tax Court for a redetermination of your tax liability.
>
> This correspondence and consideration of your case has not extended the period in which you may file a petition with the United States Tax Court.  If no petition is filed within the allotted time, we will assess the tax and bill you.

Attached to the letter was an examination report which showed that certain deductions were allowed, resulting in a reduced deficiency of $8,606.

On behalf of petitioners, their accountant wrote respondent a letter dated January 19, 1999, which stated that the newly determined amount of the deficiency had the legal effect of withdrawing the notice of deficiency.  Respondent did not reply to this letter.  Petitioners filed their petition based on the

January 12, 1999, statement of tax owing.  The petition was filed with this Court on April 13, 1999, and the U.S. postmark on the petition's envelope was April 9, 1999.

Respondent filed a motion to dismiss for lack of jurisdiction on the ground that the petition was not timely filed.  Petitioners filed an opposition to respondent's motion to dismiss alleging that the notice of deficiency was withdrawn and superseded by the statement of tax owing on which their petition was based.  Respondent then filed a response to petitioners' opposition and denied that the revised examination report (statement of tax owing) "constituted a second notice of deficiency that superceded or withdrew the notice of deficiency, dated June 15, 1998".  Respondent's response, citing section 6212(d), stated that once a notice of deficiency has been issued, it may be rescinded only with the taxpayer's consent.  Respondent further stated that the June 15, 1998, notice of deficiency had never been rescinded.  Petitioners then filed a reply to respondent's response.  Petitioners restated their position and stated that their January 19, 1999, letter to respondent communicated their consent to withdrawal of the notice of deficiency.  Respondent filed a supplement to respondent's response, and petitioners filed a reply and opposition to the supplement.  A hearing was held in San Diego, California, on respondent's motion.

The Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. A notice of deficiency is sufficient if it is mailed to the taxpayer at the taxpayer's last known address. Sec. 6212(b)(1). Pursuant to section 6213(a), the taxpayer has 90 days (or 150 days if the notice is addressed to a person outside of the United States) from the date that the notice of deficiency is mailed to file a petition with the Court for a redetermination of the deficiency.

Section 6212(d) authorizes the Commissioner, with the consent of the taxpayer, to rescind any notice of deficiency mailed to the taxpayer. If a notice of deficiency is rescinded, the taxpayer has no right to file a petition with the Court based on such a notice. Sec. 6212(d). Moreover, a notice that is rescinded is not treated as a notice of deficiency for purposes of section 6212(c)(1), which restricts the issuance of further notices of deficiency. Sec. 6212(d).

The parties do not dispute that the notice of deficiency was mailed to petitioners at petitioners' last known address, nor do the parties dispute that the petition was mailed and filed more

than 90 days after the issuance of the June 15, 1998, notice of deficiency. In fact, the 90-day period for filing a timely petition with respect to the notice of deficiency dated June 15, 1998, expired on September 14, 1998. The petition was mailed to this Court on April 9, 1999, 298 days after the mailing of the notice of deficiency.

A taxpayer's contention that the notice of deficiency was rescinded has been argued before and has been rejected. Powell v. Commissioner, T.C. Memo. 1998-108; Slattery v. Commissioner, T.C. Memo. 1995-274. In Slattery we stated that:

> Section 6212(d) provides that the Secretary may, with the consent of the taxpayer, rescind any notice of deficiency mailed to the taxpayer. Clearly, the statute requires mutual consent by the Secretary and the taxpayer to effect a rescission of a notice of deficiency.[4] We know of no authority deeming a notice of deficiency rescinded in absence of a formal rescission.
>
> [4]The Internal Revenue Service has provided guidance to taxpayers wishing to consent to the rescission of a notice of deficiency. See Rev. Proc. 88-17, 1988-1 C.B. 692. This revenue procedure requires the taxpayer to request Form 8626, Agreement to Rescind Notice of Deficiency, which becomes effective when executed on behalf of the Commissioner.

Rev. Proc. 98-54, 1998-43 I.R.B. 7, modifies Rev. Proc. 88-17 by allowing the use of (in lieu of Form 8626) a document which reflects the agreement by the taxpayer and the Internal Revenue Service to rescind the notice of deficiency. The document will not be effective unless it meets five criteria, one of which is that it contain the signatures of both the Commissioner's

delegate and the taxpayer (or the taxpayer's representative). Rev. Proc. 98-54, 1998-43 I.R.B. 7.  This revenue procedure also states that the Service will not rescind a notice of deficiency when the 90-day period has expired without the taxpayer's filing a petition with the Court.

Petitioners in the present case never filed a Form 8626. They argue that the January 19, 1999, letter written by their accountant to respondent provides their consent to the rescission.  The letter lacks the signature of the Commissioner's delegate.  In their opposition to respondent's motion to dismiss, petitioners argue that because respondent did not reply to this letter, the statements are deemed admitted, thereby causing a rescission of the notice of deficiency.  Petitioners have no valid legal basis for this contention.

It is difficult for us to understand how petitioners could honestly believe there was a rescission, because respondent repeatedly notified petitioners on all correspondence that subsequent discussions or findings would not have any effect on the 90-day period in which petitioners could petition for a redetermination.  Even if petitioners actually believed there was a rescission, "the rescission of a notice of deficiency is not a function of the taxpayer's subjective belief.  Rather, the rescission of a notice of deficiency requires mutual consent by the Commissioner and the taxpayer, and such mutual consent must

be objectively apparent."  Powell v. Commissioner, supra.  In this case, there is no objective manifestation of mutual consent by the parties to rescind the June 15, 1998, notice of deficiency.

Contrary to petitioners' argument, this Court has stated that "Further consideration of a taxpayer's case after the mailing of the notice of deficiency, coupled with respondent's concession of a portion of the previously determined deficiency, does not result in the rescission of the notice of deficiency." Id. (citing Hesse v. Commissioner, T.C. Memo. 1997-333; Mullings v. Commissioner, T.C. Memo. 1997-114; Slattery v. Commissioner, supra).  Based on all the facts, we find that the June 15, 1998, notice of deficiency was not rescinded.

Petitioners' petition was filed based on their position that the January 12, 1999, statement of tax owing constituted a new notice of deficiency.  Because the June 15, 1999, notice of deficiency was not rescinded, the statement of tax owing could not operate as a new notice of deficiency.  This Court lacks jurisdiction over a petition that is filed with respect to a letter from the Commissioner to the taxpayer, if the letter did not constitute a notice of deficiency.  Powell v. Commissioner, supra.  It is clear from respondent's correspondence that the statement of tax owing was not to be construed as a new notice of deficiency, nor did it alter the running of the 90-day period.

Additionally, petitioners did not even begin to discuss audit reconsideration with respondent until after the 90-day period had expired.

We find that petitioners did not file their petition for redetermination with this Court within the time prescribed by sections 6213(a) and 7502.  Therefore, we lack jurisdiction to redetermine the 1995 tax liability of petitioners.  We grant respondent's motion to dismiss for lack of jurisdiction.

To the extent we did not discuss any of the parties' arguments, we have considered them and find them to be without merit.

To reflect the foregoing,

> An order granting respondent's motion to dismiss for lack of jurisdiction will be entered.