T.C. Memo. 2007-184

UNITED STATES TAX COURT

WAYNE D. BLAKE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1763-07.                    Filed July 12, 2007.

<u>Barry L. Dahne</u>, for petitioner.

<u>Michael T. Sargent</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respon-
dent's motion to dismiss for lack of jurisdiction (respondent's
motion).  We shall deny respondent's motion.

## Background

The record establishes and/or the parties do not dispute the
following.

Petitioner resided in Baltimore, Maryland, at the time the petition was filed.

On October 16, 2006, respondent mailed to petitioner by certified mail to his last known address, which is also his address of record in this case, a notice of deficiency with respect to his taxable year 2000 (2000 notice).

On January 22, 2007, the Court received a petition with respect to the 2000 notice.[1]  Barry L. Dahne (Mr. Dahne), petitioner's counsel of record in this case, signed the petition. Included in the envelope in which the petition was mailed to the Court was a check for $60 drawn on the account of Barry L. Dahne that was signed by him, made payable to "US TAX COURT", and dated "1/16/2007" (January 16, 2007 check).  The Court used that check to pay the $60 filing fee required by Rule 20(b),[2] and on January 22, 2007, at 11:35 a.m., issued a receipt for that payment that it sent to Mr. Dahne.

The envelope containing the petition and Mr. Dahne's January 16, 2007 check that the Court received bore four first-class stamps that were not canceled.  That envelope did not bear a U.S. Postal Service postmark.  Nor did it bear a privately metered

---

[1]The Court filed the petition at 10:56 a.m. on Jan. 22, 2007.

[2]All Rule references are to the Tax Court Rules of Practice and Procedure.  All section references are to the Internal Revenue Code in effect at all relevant times.

postmark.  A strip showing an indecipherable barcode was affixed to the bottom of the envelope in question.

Since around the end of 2001, the regular U.S. Postal Service mail sent to and received by the Court has been subject to irradiation treatment.  As a result of that treatment, the Court has experienced delays in the receipt of such mail, although the delays have been relatively brief over the past several years.[3]  The envelope containing the petition and the January 16, 2007 check that the Court received does not bear any obvious signs of irradiation treatment.

## Discussion

The Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition.  Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989).

The petition in the instant case was timely filed if it was filed within 90 days after the 2000 notice was mailed, see sec. 6213(a), or on or before January 16, 2007, see id.[4]  The petition

---

[3]The Court takes judicial notice of the facts concerning the irradiation treatment of the regular U.S. Postal Service mail sent to and received by the Court and the delays caused by such treatment.

[4]On Oct. 16, 2006, respondent mailed to petitioner by certified mail the 2000 notice.  The 90-day period for timely filing a petition with respect to that notice (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day) expired on Jan. 16, 2007.  See sec. 6213(a).

in this case was not received by the Court until January 22, 2007.  Nonetheless, a petition that the Court receives and files after the expiration of the 90-day period prescribed by section 6213(a) may be deemed timely filed under section 7502 and the regulations thereunder.

Under section 7502 and the regulations thereunder, certain documents, including a petition filed with the Court, may be treated as timely filed when timely mailed (timely-mailing/timely-filing rule).  In the case of a petition filed with the Court, the timely-mailing/timely-filing rule generally will apply if the U.S. Postal Service postmark appearing on the envelope in which the petition was mailed falls within the period prescribed by section 6213(a).  See sec. 7502(a)(2).  The timely-mailing/timely-filing rule applies where a postmark is entirely omitted. Sylvan v. Commissioner, 65 T.C. 548 (1975).  Where, as is the case here, the envelope containing the petition that the Court received does not bear a U.S. Postal Service postmark (or any other postmark), a taxpayer may offer extrinsic evidence to establish the date of the mailing of such envelope.  Id. at 553-554.

The Court held an evidentiary hearing on respondent's motion at which Mr. Dahne was the only witness.  Mr. Dahne testified that he mailed the envelope containing the petition at approximately 5:30 p.m. on January 16, 2007.  According to Mr. Dahne's

testimony, he arrived at the U.S. Post Office in Owings Mills, Maryland (Owings Mills Post Office), around 5:30 p.m. on January 16, 2007, and found that that office was closed. Mr. Dahne further testified that he purchased stamps in the foyer of the Owings Mills Post Office and placed them on the envelope containing the petition. According to Mr. Dahne, he then observed a U.S. Postal Service truck near a mailbox located about 60 feet from the Owings Mill Post Office. Mr. Dahne testified that he approached the driver of that truck, handed the driver the envelope containing the petition, and asked whether that envelope would be postmarked on January 16, 2007, to which the driver responded that it would.

We found Mr. Dahne's testimony to be credible. Moreover, Mr. Dahne's testimony is consistent with the Court's having received from him, along with the petition, a $60 check in payment of the Court's filing fee that was dated January 16, 2007, the date on which he testified he handed the envelope containing the petition to a U.S. Postal Service employee. Mr. Dahne's testimony is also consistent with the fact that the regular U.S. Postal Service mail sent to and received by the Court is subject to irradiation treatment that has resulted in brief delays in the receipt of such mail.[5]

---

[5]In respondent's motion, respondent alleges:

(continued...)

On the record before us, we find that petitioner has shown that the envelope containing the petition in this case that the Court received was timely mailed on January 16, 2007.  We hold that under the timely-mailing/timely-filing rule the petition in this case is considered to have been timely filed on January 16, 2007.

To reflect the foregoing,

An order denying respondent's

motion will be issued.

---

[5](...continued)
The United States Postal Service has advised respondent that an envelope which was properly addressed to the Tax Court and mailed from the Owings Mills, Maryland area, and bearing a United States postmark with the date of January 16, 2007, would have ordinarily been received on or about January 19, 2007, at the Tax Court.

Respondent declined to call any witnesses, such as a U.S. Postal Service employee, at the evidentiary hearing that the Court held on respondent's motion.  Assuming arguendo that the above-quoted allegation in respondent's motion were established by the record in this case, that allegation does not appear to take account of the delay caused by the irradiation treatment to which regular U.S. Postal Service mail sent to and received by the Court is subject.  Assuming arguendo that an envelope mailed from the Owings Mills Post Office would ordinarily have been received by the Court on or about Jan. 19, 2007, which was a Friday, the envelope containing the petition would not have been received by the Court after the irradiation treatment until at the earliest Monday, Jan. 22, 2007, the date on which it was actually received by the Court around 10:55 a.m.