HAROLD J. MARKS a.k.a. HALEY JUSTIN VAN DE MARK AND LEA MARKS a.k.a. ALANNA LEIGH VAN DE MARK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Marks v. Comm'r
Docket No. 10423-88.
United States Tax Court
T.C. Memo 1989-575; 1989 Tax Ct. Memo LEXIS 574; 58 T.C.M. (CCH) 485; T.C.M. (RIA) 89575; October 25, 1989. *574 Charles L. Ruffner, for the petitioners. Claudine Ryce, for the respondent. FAY; PETERSON
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: This case was heard by Chief Special Trial Judge Peterson pursuant to the provisions of section 7443A of the Internal Revenue Code and Rules 180, 181, and 183. All section references are to the Internal Revenue Code as in effect for the tax years at issue and all Rule references are to the Tax Court Rules of Practice and Procedure. *575 The Court agrees with and adopts the Chief Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PETERSON, Chief Special Trial Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. The sole issue to be decided is whether the statutory notice of deficiency mailed by respondent to petitioners on June 30, 1982, was mailed to petitioners' "last known address, *576 " within the meaning of section 6212(b). FINDINGS OF FACT Some of the facts are stipulated and are so found. The Stipulation of Facts filed by the parties and the exhibits attached thereto are incorporated herein by this reference. Respondent determined deficiencies against petitioners for the taxable years 1973 through 1979, as outlined below. Section
Year
Deficiency
6653(b)
1973
114,998
57,499
1974
253,552
126,776
1975
447,971
223,986
1976
208,395
104,198
1977
160,062
80,031
1978
119,044
59,522
1979
92,920
46,460
Lea Marks, a.k.a. Alanna Leigh Van de Mark (Mrs. Marks) and Harold J. Marks, a.k.a. Haley Justin Van de Mark (Mr. Marks) (collectively petitioners), were legal residents of Canada at the time the petition in this case was filed. Respondent mailed by certified mail four duplicate original notices of deficiency to the following four addresses on June 30, 1982: Address
Source of Address
1. 5825 Southwest 118th Street
Address on petitioners' tax
Miami, Florida
returns for the years prior
to 1975.
2. 2 Grove Isle
Address given to respondent
Apartment 1209
by petitioners' accountant.
Coconut Grove, Florida
3. P.O. Box 330348
Address used by petitioners
Miami, Florida
and respondent for
(Miami P.O. Box)
correspondence just prior to
June 30, 1982.
4. 1428 Brickell Avenue
Address on petitioners' last
Suite 308
filed tax returns (1975-1979),
Miami, Florida
and address in respondent's
computer as the petitioners'
last known address in 1982.
*577 All four notices were returned to respondent as undeliverable. No further attempts were made by respondent to contact petitioners prior to the expiration of the statutory 90-day period as set forth in section 6213. Although the substance of this case is not before the Court, a little background information is necessary. Petitioners were involved in the years in question with the organization and promotion of movie distribution partnership tax shelters. All related losses claimed by petitioners and all other partners in the 12 movie distribution partnerships were disallowed by the Internal Revenue Service. These disallowed losses are the basis for the notice of deficiency in question. On June 18, 1982, petitioners were to appear before the District Court in the Southern District of Florida for a status conference regarding a criminal indictment stemming from their activities in these tax shelters, with a trial date of June 28, 1982. However, the evening prior to the status conference, Mr. Marks telephoned petitioners' attorney and informed him they would not be present for either the conference or the trial. On June 18, 1982, warrants for the arrest of both Mr. Marks and *578 Mrs. Marks were issued and they were classified as fugitives from justice. Internal Revenue Service Form 1327, Report of Legal Action, has the following entry under 06/18/82: The U.S. Marshals office in Miami is following all leads to locate the subjects. * * * Last known address was 110 Bloor Street West, Toronto Canada. They allegedly left there in the past two weeks. Note: there is no extradition from Canada for Title 26 Tax charges. This report was received by respondent at his District Counsel's office in Miami, Florida on June 24, 1982. On that same day, the Miami District Counsel's office sent a memorandum to the District Director in Jacksonville recommending the issuance of a statutory notice of deficiency to petitioners for the years in question. The memo directed any questions to Ivan Gomez in the Miami District Counsel's office. Also dated June 23, 1982, is a letter from the Miami District Counsel's office to Mr. Kluger, the Department of Justice attorney who had been working on petitioners' criminal case on behalf of the United States. This letter confirmed a telephone conversation between Mr. Gomez and Mr. Kluger on June 21, 1982, concerning petitioners' *579 case. On June 30, 1982, the District Director's office in Jacksonville, Florida issued the notice of deficiency in question. It was sent to the four addresses in southern Florida listed above that had been used previously in correspondence between respondent and petitioner during the years 1973 through 1982. The only other address used by respondent for correspondence with petitioners at any time was the address of Mr. Marks' son in Michigan. On May 20, 1982, a consent Form 872 (Consent to Extend the Statute of Limitations for 1973, 1974, and 1975) was sent to petitioners at Mr. Marks' son's address in Michigan, was executed by petitioners, and was received by respondent in Jacksonville on July 13, 1982. The Michigan address on the form was crossed out and the Miami P.O. Box address was written in what appeared to be Mrs. Marks' handwriting. Petitioners assert in their Reply Brief that anyone could have written it in, including respondent. Mrs. Marks was not asked and did not testify as to this issue at trial. The attached envelope in the joint exhibit of the consent form was postmarked July 9, 1982, in Miami, Florida. Mrs. Marks caused four 1981 partnership tax returns *580 to be filed in May 1982. Mrs. Marks' agent executed all four returns for her as general partner. All four returns used the Miami P.O. Box address. At trial it was established that the Markses' mail was being picked up from the Miami P.O. Box by Mrs. Marks' mother from 1981 through October 1982. Mrs. Marks' mother had a practice of not signing for anything that was not in her name, including certified mail. Petitioners concede they did not notify respondent in writing of any address change outside the United States. Petitioners also concede they did not use, in any correspondence with respondent, any address other than the four southern Florida addresses listed above. The petition in this case was filed on May 16, 1988, almost 6 years after the 90-day statutory notice was issued. The parties stipulate the petition was not filed in a timely manner. As an ultimate finding of fact, we have determined that for the purpose of determining petitioners' last known address, respondent, through Miami District Counsel, knew of the Canadian address prior to sending the statutory notice on June 30, 1982. OPINION *581 In general, a case may not be heard on its merits in this Court unless a valid statutory notice of deficiency is issued to the taxpayer at his or her "last known address" and the taxpayer has filed a timely petition for redetermination with this Court. Secs. 6212(a), 6213(a), and 6214(a). In this case, respondent contends a valid statutory notice was issued to petitioners' last known address. However, as the parties agree, petitioners filed an untimely petition, and so respondent contends this case must be dismissed for lack of jurisdiction. Petitioners contend that since the statutory notice was not mailed to their "last known address" it is invalid, and, therefore, this case must be dismissed for lack of jurisdiction. Petitioners further contend 110 Bloor Street West, Toronto, Canada (Toronto address) was their last known address. Alternatively petitioners contend that respondent did not exercise due diligence since a copy of the statutory notice was not sent to Mr. Marks' son in Michigan. Petitioners and respondent are in agreement that we must dismiss this case for lack of jurisdiction. We do have jurisdiction, however, to determine why we must dismiss this case for lack of *582 jurisdiction. Shelton v. Commissioner,63 T.C. 193 (1974). The dispositive issue in this case is whether the notice of deficiency was mailed to petitioners' "last known address" within the meaning of section 6212(b)(1). There is no statutory definition of what constitutes a taxpayer's "last known address," so we must look to the plethora of case law decided by this and other courts. This case law indicates that generally a taxpayer's "last known address" is the address to which, in light of all surrounding facts and circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. Monge v. Commissioner,93 T.C. 22, 28 (1989); Looper v. Commissioner,73 T.C. 690, 696 (1980). In general, that address will be the address shown on the taxpayer's most recently filed return, absent clear and concise notification of a different address. Abeles v. Commissioner,91 T.C. 1019 (1988). The burden is on the taxpayers to show that they did provide respondent with clear and concise notification *583 of their last known address. McCormick v. Commissioner,55 T.C. 138 (1970); Rule 142. Once respondent becomes aware of an address other than the one on a taxpayer's return, respondent must exercise reasonable care and due diligence in ascertaining the correct address. Pyo v. Commissioner,83 T.C. 626 (1984). Whether respondent has done so is a question of fact. Weinroth v. Commissioner,74 T.C. 430 (1980). Although respondent must exercise reasonable diligence in ascertaining the taxpayer's correct address, the burden necessarily falls upon the taxpayer to keep respondent informed of his or her correct address. Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976); Ramirez v. Commissioner,87 T.C. 643 (1986). As we have stated, "when a taxpayer changes his address it is he who must notify the Commissioner of such change or else accept the consequences, * * *." Alta Sierra Vista, Inc. v. Commissioner,supra at 374. It is well established that there is no requirement that the taxpayer *584 actually receive the notice of deficiency prior to the expiration of the 90-day filing period. Pyo v. Commissioner,supra;Zenco Engineering Corp. v. Commissioner,75 T.C. 318, 321-322 (1980), affd. without published opinion 673 F.2d 1332 (7th Cir. 1981). The statute places the risk of nondelivery on the taxpayer. King v. Commissioner,857 F.2d 676, 681 (9th Cir. 1988), affg. 88 T.C. 1042 (1987). Petitioners admit they did not give respondent clear and concise notification of their change in address from southern Florida to Toronto, Canada. In fact, they gave no notice to respondent. Clearly petitioners have failed to carry their burden of proof as to that issue. However, petitioners argue that under the due diligence standard as discussed above, respondent should have sent an original copy of the statutory notice to the Toronto address since respondent had knowledge of that address from other sources. Respondent sent out four statutory notices to four addresses in southern Florida. Clearly respondent was unsure where petitioners were residing, as were investigators hired for the specific *585 purpose of hunting down these fugitives from justice. Therefore, respondent was required to exercise due diligence in determining the taxpayer's "last known address." It is clear respondent was reasonable in its belief that petitioners wanted the notice of deficiency sent to one of the southern Florida addresses. From the record, it is difficult to determine exactly how much actual knowledge respondent's agent in Jacksonville had (the individual who mailed the four statutory notices) and also how much actual knowledge the advising District Counsel, Mr. Gomez, had since he did not testify. However, the exhibits indicate at least constructive knowledge of the Toronto address on the part of both District Counsel and the Jacksonville office. Even so, petitioners never used the Toronto address in their frequent correspondence with respondent, never gave any indication to respondent that the Toronto address was a permanent address, and never gave any indication to respondent that the Toronto address was where petitioners wished to have their mail sent. Therefore, we hold that respondent reasonably believed petitioners wished the notice of deficiency be sent to one of the four southern *586 Florida addresses. Additionally, we hold that respondent exercised due diligence by sending the statutory notice to all four addresses petitioners had previously used as their personal address. See Karosen v. Commissioner,T.C. Memo. 1983-540. It goes beyond due diligence and would be a tremendous administrative burden to require respondent to send a duplicate original copy of the statutory notice by certified mail to each and every address of which respondent had knowledge from whatever source. Petitioners argue that under the holding of Keeton v. Commissioner,74 T.C. 377 (1980), the Toronto address should be considered their last known address for purposes of section 6212(b). The taxpayers in Keeton (Mr. and Mrs. Keeton) had been tried and convicted, due to the recommendation of respondent, of Federal income tax evasion. On April 4, 1977, Mr. Keeton had exhausted all appeal alternatives and surrendered to the U.S. Marshal to serve his three-year prison sentence in Leavenworth, Kansas. Mrs. Keeton was put on probation and lived nearby. On April 15, 1977, respondent *587 mailed a notice of deficiency to the Keetons at a Missouri address, which was the address in respondent's file and was where the Keetons had previously resided. The statutory notice did not reach them in a timely manner and the taxpayers subsequently filed a late petition in this Court asking that we dismiss the case in their favor finding respondent did not mail the notice to their last known address. We agreed with the Keetons. However, our holding in that case was very narrow. We held that when a taxpayer is incarcerated or in the custody of probation authorities as a result of a conviction for violating Federal income tax laws (a judicial proceeding initiated by respondent), respondent should be held to have knowledge of the physical whereabouts of such taxpayers. Keeton v. Commissioner,supra at 381. The holding in Keeton does not apply to the case before us. At the time the statutory notice was mailed, petitioners had not been convicted of any crime, were not incarcerated, and were not in the custody of U.S. officials. Quite the contrary. The physical *588 whereabouts of petitioners at the time the statutory notice was issued was unknown. The Miami District Counsel, who was advising the Jacksonville District Director's office to send the statutory notice, knew (actually or constructively) of the Toronto address. He also knew that petitioners were no longer at that address, that there was no indication they would return, and that there was no indication they wanted to be contacted in Toronto. It was entirely reasonable for respondent to believe petitioners wanted to continue receiving mail in southern Florida. Petitioners' alternative argument is that respondent failed to exercise due diligence in finding their last known address by not sending a copy to Mr. Marks' son's address in Michigan. Petitioners contend that such failure renders the statutory notice invalid. As indicated above, section 6212(b)(1) does not define "last known address." However, the statute does make clear that the address in question is the taxpayer's. One exception is when section 6903 has been satisfied and respondent has notice of a fiduciary relationship between taxpayer and someone else, in which case the taxpayer's last known address would be the fiduciary's. *589 Sec. 6212(b)(1). The notice required by section 6903 is as follows: "Every person acting for another person in a fiduciary capacity shall give notice thereof to the district director in writing." Section 301.6903-1(a), Proced. & Admin. Regs. Petitioners' alternative argument quickly fails since there is no evidence of any notice by petitioners to respondent or by Mr. Marks' son to respondent that petitioners wished Mr. Marks' son to act in a fiduciary capacity on petitioners' behalf. There is no requirement that respondent send the statutory notice to known relatives of taxpayers. It is true an extension request form was mailed to petitioners at Mr. Marks' son's address. However, it was not until after the statutory notice had been mailed by respondent that the extension form was returned to respondent properly executed by petitioners. The returned form made no mention of a fiduciary relationship nor of any new address for petitioners. Even if there had been new information on the returned form, *590 there is no requirement under section 6212(b) that respondent take additional steps to effectuate delivery if the new information is received after the statutory notice has been sent. This applies even if all copies of the statutory notice are returned as undeliverable. Monge v. Commissioner,supra at 33. As stated above, respondent satisfied the due diligence requirement by sending the statutory notice to all four southern Florida addresses respondent had in its files and computer. It is clear one of these four addresses is petitioners' last known address for purposes of section 6212. Since it is not determinative to this case which one of the four addresses is the last known address for purposes of section 6212(b), we will decline to rule on that issue. We merely hold that the statutory notice of deficiency was mailed by certified mail to petitioners' last known address within section 6212(b). We have determined that a valid notice of deficiency was issued to petitioners on June 30, 1982. Since it is undisputed that petitioners did not file a timely petition for redetermination with this Court, respondent's motion to dismiss for lack of jurisdiction *591 will be granted. An appropriate order will be entered.