T.C. Memo. 2019-110

UNITED STATES TAX COURT

DUANE LEE CHAPMAN AND ALICE E. SMITH, DECEASED, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9242-14.                    Filed August 29, 2019.

<u>Steven Ray Mather</u> and <u>Lydia B. Turanchik</u>, for petitioners.

<u>S. Penina Shadrooz</u> and <u>Catherine G. Chang</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

ASHFORD, <u>Judge</u>:  By statutory notice of deficiency dated November 29,
2012, the Internal Revenue Service (IRS or respondent) determined deficiencies in
petitioners' Federal income tax, accuracy-related penalties pursuant to section
6662(a), and additions to tax pursuant to section 6651(a)(1) for the 2006 and 2007

**[\*2]** taxable years (years at issue).[1]  The IRS mailed duplicate copies of the notice of deficiency (deficiency notices) to each petitioner by certified mail at two different addresses in Los Angeles, California--(1) the business address of their tax return preparer at the time, which was listed as their home address on their filed 2011 joint Federal income tax return (2011 return), and (2) the business address of their former tax return preparer, which, together with the firm name of their former tax return preparer, was listed as their home address on their filed 2010 joint Federal income tax return (2010 return).[2]  Petitioners dispute that they received the deficiency notices in time to file a timely petition.  When they filed their petition on April 25, 2014, it was late.

Before the Court are the parties' cross-motions to dismiss for lack of jurisdiction.  Respondent contends that petitioners did not timely file their petition. Petitioners contend that the deficiency notices are invalid because respondent did not mail them to their last known address, which they state, at the time of mailing,

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]As noted infra, the street address for petitioners' former tax return preparer was "Wilshire Boulevard"; however, the deficiency notices addressed to each petitioner at the business address of their former tax return preparer indicated a street address of "Wilshire Road".  In the light of our conclusion infra, this discrepancy has no bearing on the outcome of this case.

**[*3]** was the address of their bail bond business in Honolulu, Hawaii. As explained below, we will grant respondent's motion and deny petitioners' cross-motion.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. In their petition, petitioners do not state where they reside; rather, they state that their "mailing address" is an address on North Vine Street in Los Angeles.

During at least 2012 petitioners resided on Portlock Road in Honolulu (Portlock Road address) and their bail bond business, Da Kine Bail Bonds, Inc., was on Queen Emma Street, also in Honolulu (Queen Emma Street address). Neither address was indicated as their home address on the 2010 or the 2011 return.

The 2010 return indicated that petitioners' home address was an address on Wilshire Boulevard in Los Angeles (Wilshire Boulevard address). The Wilshire Boulevard address was the address for Dennis Duban at Duban Sattler & Associates, LLP (Duban Sattler). Mr. Duban, a certified public accountant (C.P.A.), was the preparer of the 2010 return and held petitioners' power of attorney when the return was received and processed by the IRS Submission

**[\*4]** Processing Center in Fresno, California (Fresno Service Center), in May and June 2011, respectively. On the basis of a letter dated March 22, 2012, from Mr. Duban to IRS Appeals Officer Gary Lipetzky (AO Lipetzky) in Honolulu, the IRS revoked this power of attorney; the letter advised that Duban Sattler no longer represented petitioners or any of their entities.

The 2011 return indicated that petitioners' home address was an address (including a suite number) on West 3rd Street in Los Angeles (West 3rd Street address). The West 3rd Street address was the address for Fabian Plata, a C.P.A. Mr. Plata worked at Duban Sattler from 2006 to May of 2009. While there he became "the face of the firm" for petitioners, providing a variety of services to them, including billpay. He left Duban Sattler to finish his education in accounting so that he could become a C.P.A. In 2011, after having established his own accounting and tax preparation firm, Mr. Plata was contacted and retained by petitioners to handle their tax and financial matters. Mr. Plata was the preparer of the 2011 return, which the Fresno Service Center received on October 22, 2012, and the information contained on the return was input into and viewable on the IRS computer system no later than November 19, 2012.[3]

---

[3]The tax assessment date of December 3, 2012, with respect to the amounts reported on the 2011 return was reflected as the processing date on the IRS

(continued...)

**[*5]** When the Fresno Service Center received the 2010 and 2011 returns, the IRS had concluded its examination of petitioners' returns for the years at issue and petitioners' protest of the IRS' proposed action was pending before AO Lipetzky.[4]

While the protest was pending and during the period between the processing of the 2010 and 2011 returns, the IRS recorded three address changes for petitioners on its computer system. The first address change was made on November 1, 2011, when the IRS recorded that petitioners' address had changed from the Wilshire Boulevard address to the West 3rd Street address (without the suite number). The IRS did not receive or process a written notification of a change of address for petitioners on this date; instead, the change was made as a result of an IRS contact representative's having received a telephone call pertaining to petitioners and at the outset of this call his having verified that the caller had the authority to request the change.[5] The second and third address changes were made on April 18, 2012. On this date the IRS added the suite

---

[3](...continued)
computer system.

[4]AO Lipetzky was assigned to handle petitioners' protest on or about October 4, 2010.

[5]The record is silent as to the identity of the caller.

[*6] number and a four-digit number following the ZIP Code to the West 3rd Street address.

On August 16, 2012, while petitioners' protest was still pending, AO Lipetzky received a facsimile from Mr. Plata's assistant indicating that Mr. Plata's accounting firm, FP Acct., Inc., was petitioners' new accountant and that Mr. Plata would be sending him a Form 2848, Power of Attorney and Declaration of Representative, some time after August 28, 2012. AO Lipetsky did not receive a Form 2848 from Mr. Plata before he closed petitioners' case as "unagreed" on November 13, 2012.

Starting in late September 2012 AO Lipetzky began corresponding with IRS Tax Computation Specialist Douglas Huggins (TCS Huggins) in San Jose, California, regarding the preparation and issuance of the statutory notice of deficiency to petitioners with respect to the years at issue. By email dated September 25, 2012, and aware of petitioners' bail bond business at the Queen Emma Street address, AO Lipetzky asked TCS Huggins to "search for additional addresses to send SND. TP listed [h]is prior POA's address as his mailing address. Please also send SND to TP at his Sub-S corp's business office."[6] The

---

[6]"SND" signifies "statutory notice of deficiency", "POA" signifies "power of attorney", and "TP" signifies "taxpayer".

[*7] reference to the "Sub-S corp's business office" was to petitioners' bail bond business at the Queen Emma Street address.

On October 4, 2012, TCS Huggins emailed AO Lipetzky concerning the draft statutory notice of deficiency. He informed AO Lipetzky in pertinent part that his review of IRS electronic records revealed that there were several addresses for petitioners but "two primary ones; Wilshire Road and W 3rd St." He also noted that there were "two other addresses, one for Denver and one for Honolulu but they do not appear to be current." Later that same day AO Lipetzky emailed TCS Huggins back, providing comments only as to the portions of TCS Huggins' email unrelated to petitioners' addresses.

On October 5, 2012, TCS Huggins emailed AO Lipetzky informing him in pertinent part that he had "prepared a package [for] the Wilshire address and one for the 3rd street address."

On November 29, 2012, the date that the deficiency notices were mailed, the IRS checked its electronic records for petitioners' address as of that date, and the records showed the West 3rd Street address as petitioners' address. The deficiency notices were then mailed by certified mail to each petitioner at (1) this address and (2) the Wilshire Boulevard address, except that two of the deficiency notices indicated "Wilshire Road", not "Wilshire Boulevard". Proof of mailing of

**[*8]** the deficiency notices on November 29, 2012, is shown by United States Postal Service (USPS) Form 3877. Other USPS records show that the Wilshire Boulevard address deficiency notices were delivered on December 3, 2012, and the West 3rd Street address deficiency notices were delivered on December 5, 2012, although petitioners (as well as Mr. Plata) claim not to have received any of them.

At no time during the period between the IRS' processing of the 2010 return and the mailing of the deficiency notices did either petitioners or anyone on their behalf notify the IRS orally or in writing that petitioners wished the IRS to use the Queen Emma Street address or the Portlock Road address to communicate with them.

In their petition, which the parties do not dispute was filed 512 days after the deficiency notices were mailed, petitioners contend that the IRS erred in failing to mail the deficiency notices to their "known residence address", i.e., the Portlock Road address. In their motion to dismiss and in responding to respondent's motion to dismiss, petitioners contend that their "legal address" was the Queen Emma Street address. At trial they asserted both of these addresses. On brief they contend that their "known legal address" was the Queen Emma Street address.

**[*9]**                                    OPINION

I.     Applicable Law

This Court, like all Federal courts, is a court of limited jurisdiction; we may only exercise jurisdiction over the matters Congress has expressly authorized us to consider.  Sec. 7442; Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Breman v. Commissioner, 66 T.C. 61, 66 (1976); see also Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418, 422 (1943) ("The Internal Revenue Code, not general equitable principles, is the mainspring of the * * * [Court's] jurisdiction.").  However, we have jurisdiction in any case to determine whether we have jurisdiction over that case.  Kluger v. Commissioner, 83 T.C. 309, 314 (1984).

Generally in a deficiency case, such as this one, the jurisdiction of the Court depends on (1) the Commissioner's mailing a notice of deficiency by certified or registered mail to the taxpayer and (2) the taxpayer's filing a petition with us disputing the deficiency within 90 days of the date that the Commissioner mails the notice of deficiency.  Secs. 6212(a), 6213(a), 6214(a); Rule 13(a), (c); Gregory v. Commissioner, 152 T.C. ___, ___ (slip op. at 5) (Mar. 13, 2019); Monge v. Commissioner, 93 T.C. 22, 27 (1989).  We do not have jurisdiction to redetermine a deficiency and must dismiss any case in which one or the other is not present.

**[\*10]** <u>Gregory v. Commissioner</u>, 152 T.C. at \_\_\_ (slip op. at 5); <u>Monge v. Commissioner</u>, 93 T.C. at 27.

There is no dispute here that the petition was not filed within 90 days of the date that the deficiency notices were mailed to petitioners.  Therefore, we must dismiss this case for lack of jurisdiction on timeliness grounds unless we agree with petitioners that the deficiency notices were not mailed to them at their last known address.  <u>See</u> sec. 6212(b)(1).  If we do agree with petitioners, we must also dismiss the case for lack of jurisdiction but on the basis that the deficiency notices were invalid (and respondent would generally be prohibited from assessing the deficiencies).  <u>See</u> <u>Monge v. Commissioner</u>, 93 T.C. at 27.  Either way, we lack jurisdiction to entertain the merits of this case, i.e., redetermine the deficiencies; however, we have jurisdiction to determine why we do not have jurisdiction, either because the petition was not timely filed or because the deficiency notices were not mailed to petitioners' last known address.  <u>See</u> <u>Gregory v. Commissioner</u>, 152 T.C. at \_\_\_ (slip op. at 5) (citing <u>McKay v. Commissioner</u>, 89 T.C. 1063, 1067 (1987), <u>aff'd</u>, 886 F.2d 1237 (9th Cir. 1989)); <u>Monge v. Commissioner</u>, 93 T.C. at 27.

As indicated <u>supra</u>, the dispositive issue in this case is whether the deficiency notices were mailed to petitioners' last known address within the

**[\*11]** meaning of section 6212(b)(1).  As an initial matter, we note that it is not mandatory that the Commissioner mail a notice of deficiency to the taxpayer's last known address; rather, the taxpayer's last known address is "a 'safe harbor' address to which he could send the notice."  McKay v. Commissioner, 89 T.C. at 1068.  But if he takes advantage of this safe harbor, then the notice of deficiency "shall be sufficient", sec. 6212(b)(1), and whether the taxpayer actually receives the notice is immaterial, King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), aff'g 88 T.C. 1042 (1987).

"The term 'last known address' is well defined in the tax law."  Cherizol v. Commissioner, T.C. Memo. 2014-119, at \*7.  Section 301.6212-2(a), Proced. & Admin. Regs., effective January 29, 2001, generally defines it as the address that appears on the taxpayer's most recently filed and properly processed Federal tax return unless the IRS is given clear and concise notification of a different address. This Court and other Federal courts, even before the effective date of section 301.6212-2(a), Proced. & Admin. Regs., defined the term "last known address" just as (or consistent with how) this regulation has defined it.  See, e.g., King v. Commissioner, 857 F.2d at 681; Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988); Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), aff'd, 538 F.2d 334 (9th Cir. 1976).  For example, in Abeles v. Commissioner, 91 T.C.

**[\*12]** at 1035, we held that "a taxpayer's 'most recently filed return' is that return which has been properly processed by an IRS service center such that the address appearing on such return was available to respondent's agent when that agent prepared to send a notice of deficiency in connection with an examination of a previously filed return." We also went on to hold that "the address from the more recently filed return is <u>available</u> to the agent issuing a notice of deficiency with respect to a previously filed return, if such address could be obtained by a computer generation of an IRS computer transcript using \* \* \* <u>both</u> taxpayers' TINs in the case of a previously filed joint return." <u>Id.</u> (fn. ref. omitted).

Petitioners, however, argue that a different standard applies in this case. They assert that it was "known" by AO Lipetzky that they had a business and lived in Hawaii and that the addresses on the 2010 and 2011 returns did not belong to them but to those of their tax return preparers; therefore, their last known address was either their business address in Hawaii--the Queen Emma Street address--or their residential address in Hawaii--the Portlock Road address. In support of this argument petitioners cite the plain meaning rule of statutory construction enunciated by the U.S. Supreme Court in <u>United States v. Ron Pair Enters., Inc.,</u> 489 U.S. 235, 241 (1989).

**[*13]** We agree with respondent that petitioners' construction of the term "last known address" is contrary to (1) the "plethora of case law decided by this and other courts" dating back several decades, <u>Marks v. Commissioner</u>, T.C. Memo. 1989-575, 1989 WL 125694, at *3, <u>aff'd</u>, 947 F.2d 983 (D.C. Cir. 1991), and (2) the applicable regulatory definition; the term is a term of art. Additionally, accepting such a construction would impose an unreasonable administrative burden on the IRS; viz, the IRS would need to "systematically record[] in a central file all address information acquired in any fashion" so that it could be sure it was sending the taxpayer a notice of deficiency to every conceivable "known" address of that taxpayer. <u>United States v. Zolla</u>, 724 F.2d 808, 811 (9th Cir. 1984); <u>see also</u> <u>Gyorgy v. Commissioner</u>, 779 F.3d 466, 473 (7th Cir. 2015) (noting that the legislative history to section 6212(b)(1) indicates how it would be "an almost impossible burden on the IRS to keep track of every taxpayer's whereabouts"). Under petitioners' theory, where the taxpayer himself does not make "known" to the IRS that he has a different address, the IRS could also be subject to a taxpayer challenge that the notice of deficiency was sent to an incorrect address, e.g., the temporary address of the taxpayer. <u>See</u> <u>Zolla</u>, 724 F.2d at 811. Indeed, this would invite an obvious question: What then is the meaning of "last" in relation to a "known" address?

[*14] Interestingly, petitioners do not precisely indicate which of the two Hawaii addresses was their last known address. Initially in these proceedings petitioners contended that their last known address was the Portlock Road address. In their papers related to the motions petitioners contend that their last known address was the Queen Emma Street address. Then at trial petitioners seemingly began arguing for both the Queen Emma Street address and the Portlock Road address, and now on brief they return to arguing that their last known address was the Queen Emma Street address. By definition, a taxpayer can have only one last known address on the date that the notice of deficiency is issued. See Abeles v. Commissioner, 91 T.C. at 1030. Accordingly, we reject petitioners' colloquial construction of the term "last known address" as untenable and will proceed to analyze this case by looking to the governing definition of last known address in section 301.6212-2(a), Proced. & Admin. Regs.[7]

II. Analysis

As noted supra, section 301.6212-2(a), Proced. & Admin. Regs., generally defines the term "last known address" as the address that appears on the taxpayer's

---

[7]We also note that petitioners do not contend that the regulation exceeds the Secretary's authority to "prescribe all needful rules and regulations for the enforcement of [the Code]", sec. 7805(a), or is otherwise invalid. The regulation, accordingly, is controlling. See Gyorgy v. Commissioner, 779 F.3d 466, 476 (7th Cir. 2015) (and cases cited thereat).

**[*15]** most recently filed and properly processed Federal tax return unless the IRS is given clear and concise notification of a different address. After defining this term, section 301.6212-2(a), Proced. & Admin. Regs., then provides that "[f]urther information on what constitutes clear and concise notification of a different address and a properly processed Federal tax return can be found in Rev. Proc. 90-18 (1990-1 C.B. 491) or in procedures subsequently prescribed by the Commissioner."[8] The procedures in effect for this case can be found in Rev. Proc. 2010-16, 2010-19 I.R.B. 664. As relevant here, according to Rev. Proc. 2010-16, sec. 5.02(1), 2010-19 I.R.B. at 666, "a return will be considered properly processed after a 45-day processing period which begins the day after the date of receipt of the return by the Internal Revenue Submission Processing Campus." Similarly, according to Rev. Proc. 2010-16, sec. 5.02(5), 2010-19 at I.R.B. 667, "[c]lear and concise oral notification of a change of address will be considered properly processed after a 45-day processing period which begins the day after the date of the communication to the Service employee."[9]

---

[8]Rev. Proc. 90-18, 1990-1 C.B. 491, was amplified and superseded by Rev. Proc. 2001-18, 2001-1 C.B. 708, which was superseded by Rev. Proc. 2010-16, 2010-19 I.R.B. 664.

[9]We note that not only can clear and concise notification be oral; it can also be written or electronic. See Rev. Proc. 2010-16, sec. 5.04, 2010-19 I.R.B. at 667.

(continued...)

**[\*16]** As of November 29, 2012, the date that the deficiency notices were mailed to petitioners, their most recently filed return was the 2011 return. This return, which indicated the West 3rd Street address as their home address, was received by the Fresno Service Center on October 22, 2012, and processed such that the information on the return was viewable on the IRS computer system no later November 19, 2012, 10 days before the date of the deficiency notices, although pursuant to Rev. Proc. 2010-16, supra, this return would not have been considered "properly processed" until 45 days after October 22, 2012, or December 6, 2012, after the deficiency notices were mailed to petitioners.

Notwithstanding whether the 2011 return was in fact properly processed as of November 29, 2012, after the 2010 return (which indicated the Wilshire Boulevard address as petitioners' home address) was received and properly processed by the Fresno Service Center, the IRS was given clear and concise notification of an address different from the 2010 return address. To that end, the IRS recorded three address changes. The record establishes that at least the first address change was made orally on November 1, 2011 (and in accordance with

---

[9](...continued)
Furthermore, with respect to clear and concise written notification, Rev. Proc. 2010-16, sec. 5.04(1)(c), 2010-19 I.R.B. at 667, provides that Form 8822, Change of Address, can be used by taxpayers to accomplish this.

[*17] Rev. Proc. 2010-16, sec. 5.04); petitioners' address changed from the Wilshire Boulevard address to the West 3rd Street address (without the suite number). The second and third address changes were made on April 18, 2012; the IRS added the suite number and a four-digit number following the ZIP Code to the West 3rd Street address. Petitioners offered no evidence that they gave clear and concise notification of any address other than the West 3rd Street address; viz, the Queen Emma Street address or the Portlock Road address. It is petitioners' duty to inform the IRS of their preferred mailing address. See DeWelles v. United States, 378 F.2d 37, 40 (9th Cir. 1967) (holding that when the taxpayer orally notified the IRS of a new address and the IRS mailed the notice of deficiency to that address the IRS properly sent the notice to the taxpayer's last known address). Indeed, the 2011 return is confirmation that they wished to have any IRS correspondence sent to them at the West 3rd Street address.

The West 3rd Street address was petitioners' last known address. The IRS sent valid deficiency notices to that address. Because their petition was not timely, we will grant respondent's motion to dismiss for lack of jurisdiction and deny petitioners' cross-motion.

**[*18]** We have considered all of the arguments made by the parties and, to the extent they are not addressed herein, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order and order of dismissal for lack of jurisdiction will be entered</u>.